208    PEOPLE ex rel. ALLISON v. BD. OF EDUCATION.

First Department, February Term, 1898.    [Vol. 26.

The People of the State of New York ex rel. Thomas Allison, Respondent, v. The Board of Education of the City of New York, Appellant.

*New York city — bills of an attorney designated to act in a proceeding to take property for the board of education — the taxation thereof by a justice of the Supreme Court is a judicial act — mandamus.*

The action of a justice of the Supreme Court in taxing, under section 2 of chapter 393 of the Laws of 1896, the bills of an attorney, designated by the corporation counsel of the city of New York, pursuant to section 1 of that act, to appear for the city of New York in proceedings for the taking of property for the purposes of its board of education, is judicial, and his conclusion thereon cannot be questioned collaterally by the board of education, which may be compelled by mandamus to make the requisition on the Comptroller required by chapter 728 of the Laws of 1896 for the payment of a bill so taxed.

Appeal by the defendant, The Board of Education of the City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of January, 1898, granting a peremptory writ of mandamus requiring the defendant to make requisition upon the comptroller for the payment of two bills presented to it by the relator.

*E. Ellery Anderson*, for the appellant.

*Charles E. Miller*, for the respondent.

*Theodore Connoly*, of counsel to the corporation.

Rumsey, J.:

In the year 1896 proceedings were begun to take, for the purposes of the board of education, certain property situated in the city of New York. In pursuance of the authority granted by section 1 of chapter 393 of the Laws of 1896, the corporation counsel designated the relator to appear before the commissioners who were appointed in those proceedings and protect the interests of the city. Such appearance was had pursuant to the designation, and, after the proceedings had been terminated, the relator presented the bill for his fees in each proceeding to the corporation counsel, with an affi-

davit of its correctness, in the form required by law, with a notice that the bill would be presented to a justice of the Supreme Court for taxation five days thereafter, as required by the statute. The bill was accordingly presented to the judge, in pursuance of the notice, and was by him taxed at the sum claimed by the relator.

By chapter 728 of the Laws of 1896, the comptroller of the city of New York was required to issue bonds to a sum mentioned therein, to be known as schoolhouse bonds, which are to be used in payment for the purchase of school sites, and for the erection of buildings and fitting up and furnishing them, but it was expressly provided that no expenditure from the proceeds of these bonds should be authorized or made without the approval and requisition of the board of education. After the bills of the relator had been taxed, pursuant to the notice, he made application to the appellant here to approve them and to send a requisition to the comptroller for their payment, which the board of education refused to do. Thereupon this proceeding was begun to require the board to take that step. It defends the proceeding upon the ground that the bills are exorbitant, and that proper proof was not furnished to the justice by whom they were taxed to warrant his taxing the bills at the amount presented.

We are of opinion that the defendant cannot raise the question of the propriety of the taxation upon this hearing. The statute intended that these bills should be paid as a portion of the expenses of securing the schoolhouse sites. The amount of these expenses was to be fixed in the manner prescribed by section 2 of chapter 393 of the Laws of 1896, and that was by taxing the bills before a justice of this court on five days' notice to the counsel to the corporation. When the bills were presented to the judge for taxation, it was his duty to pass upon the question of the reasonableness of their amount upon such proof as might be before him. His act in so doing was a judicial act, and his conclusion thereon is a determination as to the amount of those bills which cannot be questioned in any collateral proceeding, and only, if at all, in the same way as other judicial determinations. The appellant, therefore, was not in a situation to raise upon this hearing the question whether the bills were taxed at the proper amount or not. When it had been made to appear to it that the proper steps had been taken to adjust

the amount of these bills, and they had been taxed by a judge in the way prescribed by law, the appellant was bound to take the steps dictated by the statute to enable the person whose bills were so adjusted to procure his pay out of the fund provided for that purpose.

The order for a mandamus was, therefore, properly granted and should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., BARRETT, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs and disbursements.