(72 App. Div. 113.)

### In re MAYOR, ETC., OF CITY OF NEW YORK.

### HOFFMAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    May 9, 1902.)

EMINENT DOMAIN — EXPENSES—COMPENSATION OF APPRAISERS — TAXATION — PROOF OF VALUE.

Under Laws 1896, c. 393, § 2, providing that expenses incurred in proceedings by the city of New York to acquire title to real estate shall not be paid until they have been taxed before a justice of the supreme court on five days' notice to the counsel to the corporation, the compensation of a person employed in such proceedings as an expert appraiser and witness, under an agreement with such counsel that he should receive $5.000 therefor, cannot be taxed and fixed without proof of the value of the services performed; such counsel having no authority to fix the amount of such compensation.

Appeal from special term, New York county.

Application of Charles Frederick Hoffman, Junior, for the taxation of the compensation due to him for services as an expert ap-

praiser and witness for the city of New York in proceedings to acquire title to real estate. From an order fixing his compensation, the city appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

J. Van Vechten Olcott, for respondent.

McLAUGHLIN, J. This appeal is from an order fixing the compensation of the respondent for services rendered in proceedings taken by the city of New York under provisions of chapter 59 of the Laws of 1897 to acquire title to certain real estate. From the papers upon which the order was based it appears that on the 10th of December, 1897, the respondent was employed by the counsel to the corporation of the city of New York to act as an expert and appear as a witness on behalf of the city in the matter of acquiring certain lands, and his compensation was agreed upon at $5,000. These facts were not disputed, and they could not well be, in the face of the letter which the counsel to the corporation wrote to the respondent at the time he was employed. In this letter the corporation counsel said:

"I am informed by Mr. Olendorf, one of my assistants, that you have consented to act as an expert appraiser and witness on behalf of the city in the matter of acquiring certain lands on Center, Chambers, and Reade Streets for the new Hall of Records building, and that it has been arranged between yourself and Mr. Olendorf that your compensation therein shall be the sum of $5,000. This arrangement is entirely satisfactory to me, and it is therefore understood that you are retained in this matter in behalf of the city, and that your compensation therein shall be the sum of $5,000."

In pursuance of this arrangement the respondent rendered the services contemplated, but it does not appear that he was ever called upon to, or did in fact, testify before the commissioners appointed to assess the damages. The moving papers, however, did not disclose the value of the services rendered; nor was there anything to indicate that fact in any way, other than the letter of the counsel to the corporation. The learned justice, sitting at special term, awarded the respondent, as compensation for services rendered, the amount stated in the letter, viz., $5,000, and from this order the city has appealed.

It is clear, from an examination of the record, that the decision of the learned justice as to the amount to be awarded was based upon the agreement entered into between the respondent and the counsel to the corporation. This is apparent for the reason that the value of the services rendered is not established. The counsel to the corporation had no power to fix the value of the services to be rendered by the respondent, and his agreement was not binding upon the city, and was insufficient to authorize the court to make an order on that subject. The value of such services must be determined in the manner pointed out by the statute (section 2, c. 393, Laws 1896), and that is by having the same taxed before a justice of this court on five days' notice to the counsel to the corporation, and it cannot be done in any other way, as the counsel

to the corporation had no power to fix the fees. The statute expressly provides that the expenses and disbursements shall not be paid "until they have been taxed before a justice of the supreme court in the First judicial district." Therefore, when a bill is presented for taxation under this statute, either for services rendered or disbursements made, sufficient evidence must be produced to enable such justice to pass upon the value of the services rendered or the amount of the disbursements made. People v. Board of Education, 26 App. Div. 208, 49 N. Y. Supp. 915. Here, as already indicated, no evidence whatever was presented tending to establish that fact. It is perfectly clear from a consideration of the record that the learned justice reached the conclusion which he did from the sole fact that the counsel to the corporation had agreed to pay the amount which was awarded. The amount agreed upon with the counsel to the corporation did not establish the value of the services rendered, and was insufficient to justify a taxation.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice, however, to the right of the respondent to renew his application if he be so advised, upon competent proof as to the value of the services rendered. All concur.