(110 App. Div. 360.)

JOHN H. PARKER CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. PLEADING—DEMURRER.
     Where plaintiff demurs to the answer, defendant has a right to challenge
     the complaint on the ground that it does not state a cause of action.
     [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§
     542, 544½.]

2. MUNICIPAL CORPORATIONS—UNSAFE BUILDING—REMOVAL—CONTRACT—REM-
     EDIES OF CONTRACTOR.
     Building Code, § 155, provides that, if it be determined that a building
     is unsafe, the justice trying the cause shall issue a precept to the commis-
     sioner of buildings, commanding him to take down the building, and
     that he shall execute it by employing such labor and assistance, etc., as
     may be necessary. He is then required to make a return to the justice
     with an indorsement of the costs and expenses, whereupon the justice
     shall tax and adjust the amount indorsed, and provision is made for
     subsequent payment by the comptroller. Held, that a contractor employed
     by the commissioner of buildings, acting under a precept, cannot recover
     on the contract until the precept has been returned by the building com-
     missioner and an adjustment made, as directed by the statute.

3. MANDAMUS — MUNICIPAL OFFICER — PUBLIC IMPROVEMENTS — SETTLEMENT
     WITH CONTRACTOR.
     In case of a refusal by the commissioner to return the precept, he may
     be compelled to do so by mandamus.

Appeal from Special Term, New York County.

Action by the John H. Parker Company against the city of New
York. From a judgment overruling a demurrer to separate defenses
of the answer, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-
HAM, CLARKE, and HOUGHTON, JJ.

John L. Hill, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J. The plaintiff entered into a contract with the
commissioner of buildings for the removal of the old Hall of Records
of the city of New York, and brings this action to recover for labor
performed and materials furnished in doing that work, which, at the
rate alleged to have been specified in the contract, amounts to $47,889.51,
less a credit of $779.43, leaving a balance of $47,110.08, for which
judgment was demanded besides interest. The defendant pleaded as
separate defenses: First, that the contract was not entered into after
advertisement and competitive bidding; second, that a judgment of
taxation establishing the claim had not been obtained by the plaintiff,
and that no certification of its reasonableness by the auditor of ac-
counts was presented; and, third, that the claim was in excess of the
amount audited by the department of finance.

I am of the opinion that the demurrer was properly overruled.
The contention of the plaintiff is that, inasmuch as a justice of the
Supreme Court had issued a precept, as provided in section 155 of
the Building Code of the city of New York, directing that the building
be taken down, in pursuance of which the contract in question was

made, and under which the work was performed and materials furnished, the matters pleaded do not constitute a defense. This does not follow when that section is properly considered. The facts are not disputed. It appears that in October, 1902, a precept was issued by a justice of this court, which, in a proceeding instituted for that purpose, found that the building in question was unsafe, and directed the commissioner of buildings to take it down; that in pursuance of such direction the commissioner made a contract for the work with the plaintiff, who alleges that the labor performed and materials furnished in doing it amount to the sum for which a recovery is asked.

The defendant attacks the validity of the complaint and insists that it does not state facts sufficient to constitute a cause of action. It has a right to challenge the validity of the complaint, inasmuch as the plaintiff has demurred to the answer. This is upon the theory that any answer is good if the complaint does not state a cause of action. Gabay v. Doane, 66 App. Div. 507, 73 N. Y. Supp. 381. The action is based upon the contract, the validity of which must be determined by the section of the Building Code under which it was made. This section provides that, if, in a proceeding instituted for the purpose of determining whether or not a building be unsafe or dangerous, it shall be determined that the same is unsafe, then the judge or justice trying such cause shall issue a precept directed to the commissioner of buildings, commanding him forthwith to take down the same; and that the commissioner shall immediately thereupon proceed to execute such precept as therein directed, and "may employ such labor and assistance and furnish such materials as may be necessary for that purpose, and after having done so said commissioner of buildings shall make return of said precept with an indorsement of the action thereunder and the costs and expenses thereby incurred to the judge or justice then holding the said Special Term of the said court, and thereupon the said judge or justice shall tax and adjust the amount indorsed upon said precept and shall adjust and allow disbursements of said proceeding, * * * and in * * * carrying into effect any order of the court or any precept issued by any court, said commissioner of buildings may make requisition upon the comptroller of the city of New York for such amount or amounts of money as shall be necessary to meet the expenses thereof, and upon the same being approved by any judge or justice of the court from which the said order or precept was issued and presented to said comptroller, he shall pay the same and for that purpose shall borrow and raise upon revenue bonds to be issued as provided in section 188 of the Greater New York Charter [Laws 1901, p. 73, c. 466] the several amounts that may, from time to time, be required." There are no allegations in the complaint to the effect that this section of the Building Code has been complied with in so far as it directs that the commissioner of buildings shall make return of the precept with an indorsement of the action thereunder and the costs and expenses thereby incurred to the judge or justice, or that such judge or justice has taxed and adjusted the amount indorsed on such precept, or adjusted and allowed the disbursements of the proceeding, or that such commissioner has made a requisition upon the comptroller for the payment of such

amount as may be necessary to meet the expenses thereof. This not only does not appear, but there are affirmative allegations showing that such compliance with the section has not been made. There is an allegation that the plaintiff has requested the commissioner to make such return, and that he has refused; but such refusal does not enable the plaintiff to proceed, in the first instance, against the city. If the commissioner of buildings neglects to perform a duty imposed upon him by this section, then he may be compelled to do so by mandamus. He must return the precept, to the end that the judge or justice may determine whether the amount indorsed thereon is a proper charge against the city. Until that is done plaintiff is not in a position to enforce its claim. Indeed, until that time, his cause of action is not complete. People ex rel. Allison v. Board of Education, 26 App. Div. 208, 49 N. Y. Supp. 915.

The proceeding under which the expenses were incurred is a statutory one, and the only way in which one can be reimbursed for expenses incurred is by proceeding in the manner pointed out by the statute. If the commissioner of buildings neglects to perform the duty imposed upon him, then, as already indicated, he can be compelled to do so by mandamus, or the plaintiff himself can take such proceedings as he may see fit to have the precept returned to the judge or justice for the purpose of having the expenses taxed and adjusted by him. It is only after the precept has been returned and the adjustment made as directed in section 155 of the Building Code that it is made the duty of the comptroller to pay, and until that has been done there is no duty to pay resting upon the city.

The interlocutory judgment appealed from, therefore, must be affirmed, with costs. All concur.