(173 App. Div. 829)

CHELSEA EXCH. BANK et al. v. TRAVELERS' INS. CO.

(Supreme Court, Appellate Division, First Department.    July 10, 1916.)

1. ATTACHMENT ☞224—RIGHT OF JUDGMENT CREDITOR TO NET EQUITY IN
LAPSED LIFE POLICY.

Complaint in action in aid of attachment by judgment creditor, the property levied on being the "cancellation value" of lapsed life insurance policies, insured's wife being the beneficiary, subject to right to revoke designation, was demurrable, where it failed to show how the "net equity" claimed was arrived at, or that there was any policy provision under which any sum became payable to insured upon lapse of policies, or by which the interest of the beneficiary ceased or became extinguished, or that the policies could be surrendered, or in whose possession they were.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 769–778; Dec. Dig. ☞224.]

2. INSURANCE ☞590—PROCEEDS—RIGHT OF JUDGMENT CREDITOR TO NET
EQUITY IN LAPSED POLICY.

The rule in bankruptcy that the trustee succeeds to the rights of the bankrupt in life insurance policies, including the reserved right to change the beneficiary, does not apply to case of a creditor seeking to subject insured's policy interest to his judgment, in which case plaintiff can only reach the insured's property.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1479, 1482, 1485; Dec. Dig. ☞590.]

3. PARTIES ☞75(6)—DEFECT OF PARTIES—ANSWER.

Under Code Civ. Proc. § 488, subd. 6, providing that defendant may demur to the complaint where defect of parties appears on its face, and section 498, providing that, where the defects specified under section 488 do not appear on the face of the complaint, the objection may be taken by answer, objection to defect of parties can be taken by answer only where that defect does not appear on the face of the complaint.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 115; Dec. Dig. ☞75(6).]

4. PLEADING ☞204(5)—DEMURRER TO ANSWER GOOD IN PART.

An answer, good in part because of denials, is not demurrable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 488; Dec. Dig. ☞204(5).]

5. PLEADING ☞217(1)—DEMURRER—EFFECT—REACHING BACK.

A demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary so to plead as to accept it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 537, 540, 541, 544–547; Dec. Dig. ☞217(1).]

Appeal from Special Term, New York County.

Action by the Chelsea Exchange Bank and others against the Travelers' Insurance Company. From an order sustaining plaintiff's demurrer to the first separate defense, defendant appeals. Order reversed, and demurrer overruled.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

William J. Moran, of New York City, for appellant.
W. W. Shaw, of New York City, for respondents.

DOWLING, J. [1] This is an action in aid of an attachment. The complaint sets forth that in an action brought in the Supreme Court, New York County, by the Chelsea National Bank against Alfred H. Motley, Jr., a warrant of attachment was duly issued on September 16, 1914, in the sum of $1,101.25, which was duly served on defendant; the property levied upon consisting of an indebtedness of defendant to said Motley in the sum of $1,281.63, "being the cancellation value of two certain policies issued by the Travelers' Insurance Company upon the life of Alfred H. Motley, Jr., being Nos. 128565 and 164700, respectively, and a demand upon said the Travelers' Insurance Company to the said Alfred H. Motley, Jr." It is further alleged:

"That in response to said service of warrant of attachment and demand said defendant the Travelers' Insurance Company duly made and delivered to the said sheriff a certificate setting forth that the said defendant then held the sum of about $1,281.63, being the cancellation or surrender value of two certain life insurance policies upon the life of said Alfred H. Motley, Jr., but claiming, however, that the said property did not belong wholly to the said Alfred H. Motley, Jr. A copy of said certificate, furnished by the said defendant to the said sheriff of the county of New York, is hereto annexed, marked 'Exhibit A' and made a part hereof, as though incorporated herein."

The various steps taken in the action are then recited, culminating in judgment against Motley on December 14, 1914, and the issuance of execution to the sheriff of the county of New York, which still remains in his hands and is as yet unsatisfied. The complaint then sets forth the issuance of the two policies of insurance by the defendant on the life of said Motley, copies of which are annexed to and made a part of the complaint. By the first of these the principal was made payable to Lucy B. Motley, the wife of the insured, as beneficiary, or to such other persons as might be designated by the insured, as provided in said policy, and in the event of the prior death of the said beneficiary, or any other designated beneficiary, then the amount of said policy should be paid to the executors, administrators, or assigns of the insured. Motley changed his beneficiary so as to make the policy payable directly to his executors, administrators, or assigns, and thereafter again changed it so as to make it payable to Lucy B. Motley, the wife of the insured, with the proviso, however, that if the death of the said beneficiary should occur prior to that of the insured, then such insurance should go to the executors, administrators, or assigns of the insured. In and by such designation the right was also reserved to revoke said designation, and, subject to the consent of the company, to nominate a new beneficiary. It is then alleged:

"That in and by said policy second above mentioned, marked 'Exhibit C,' dated March 1, 1906, it was provided that the principal thereof should be paid to the executors, administrators, or assigns of the insured. That thereafter and on or about the 4th day of March, 1908, the beneficiary named in said policy was thereafter changed by the insured with the consent of the defendant herein, whereby said policy was made payable directly to Lucy B. Motley, the wife of the insured, with the proviso that, if the said beneficiary should die before the insured, then the policy should be paid to the executors, administrators, or assigns of the insured. That in and by said designation the right was also reserved to the insured to revoke said designation, and, subject to the consent of the company, to nominate a new beneficiary.

"(17) That in the month of July, 1913, both of said policies above mentioned

lapsed because of the failure on the part of the insured to pay the premiums due thereon, and that thereafter, and on or about the 28th day of July, 1914, said policies were both duly canceled by the said the Travelers' Insurance Company, at which time there remained a net equity of $744 on the policy No. 128565 first above mentioned and a net equity of $537.63 on the policy No. 164700 second above mentioned.

"(18) That the sum of $1,281.63, being the cancellation or surrender value of said policies above mentioned, remains in the hands of the defendant and is now held by it.

"(19) That by reason of the cancellation of said policies of life insurance upon the life of Alfred H. Motley, Jr., as aforesaid, the said defendant, the Travelers' Insurance Company, on or about the 28th day of July, 1914, became indebted to the said Alfred H. Motley, Jr., in the sum of $1,281.63, and was so indebted to the said Alfred H. Motley, Jr., on the 16th day of September, 1915, at the time of the service upon it of the attachment in the action of Chelsea Exchange Bank against Alfred H. Motley, Jr."

The certificate of defendant, given on the service of the attachment, annexed to the complaint as Exhibit A, shows that both the policies in question lapsed for failure to pay the premiums thereon and were canceled on July 28, 1914, "at which time there remained a net equity of $744 under No. 128565 and a net equity of $537.63 under No. 164700; that there is nothing due by this company solely to the said Alfred H. Motley, Jr."

[2] The copies of the policies attached to the complaint as Exhibits B and C contained provisions, in case of default in payment of premiums after the second year, for the automatic extension of insurance for certain terms, and for paid-up policies upon surrender of the original policies. They also contained tables showing, for the end of each year of the policies' life, the term of such automatic extension, the amount of paid-up insurance obtainable, the cash surrender value, and the loan value. The complaint is entirely silent upon the manner in which the so-called "net equity" in the policies was arrived at, nor is any provision of the policies quoted under which that, or any other sum, became payable to the insured upon the lapse of the policies, or by which the interest of the beneficiary therein ceased or became extinguished. There are no allegations in the complaint from which it can be found that defendant is under a present legal duty to pay any one any sum whatever. It does not appear from the complaint in whose possession the policies are, or that they can be surrendered to the defendant. For aught that appears in the complaint the beneficiary, Lucy B. Motley, still has an interest in the policies and is a necessary party to any determination of the rights of the parties in and under them. The cases cited by plaintiffs arising in bankruptcy cases have no application here, for in the former the trustee in bankruptcy succeeded to all the rights of the bankrupt, including the reserved right to change the beneficiary, which is not the case here, where plaintiffs can only reach the insured's property, and the wife is still the designated beneficiary.

[3-5] The defendant, for a first, separate, and complete defense, repeating all the denials of its main defense, set up:

"That there is a defect of parties herein, in that neither the assured nor the beneficiary under the policies referred to in the complaint herein has been made a party to this action."

To this separate defense the plaintiff demurred as insufficient. As the defect in parties plaintiff appeared upon the face of the complaint, the defendant's proper remedy was by demurrer. Code Civ. Proc. § 488, subd. 6. It is only where that defect does not appear on the face of the complaint that the objection may be taken by answer. Id. § 498. The objection is waived only when it is taken neither by demurrer nor answer. Id. § 499. But the plaintiffs are in no position to raise the question by demurrer to the separate answer, as the latter incorporates denials which make it proof against demurrer, and the plaintiffs cannot demur to only a part thereof. Wiener v. Boehm, 126 App. Div. 703, 111 N. Y. Supp. 126. Furthermore:

"The rule is that on demurrer to an answer for insufficiency the defendant may attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action. * * * A demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it." Baxter v. McDonnell, 154 N. Y. 436, 48 N. E. 817; John H. Parker Co. v. City of New York, 110 App. Div. 360, 97 N. Y. Supp. 200.

As the separate defense incorporated denials which made it good against demurrer, and as the complaint herein does not set forth a good cause of action against defendant, the order appealed from will be reversed, with $10 costs and disbursements, and the demurrer to the separate defense overruled, with $10 costs. Order filed. All concur.