DAVID STERN, Respondent, *v.* LOUIS AUERBACH, Appellant, Impleaded with CHRISTINA M. AUERBACH, Defendant.

First Department, December 22, 1922.

Limitation of actions — action on promissory note executed in Boston in January, 1911 — action barred where defendant was resident of this State for more than six years before action commenced — complaint should be dismissed under Rules of Civil Practice, rule 107, on uncontradicted affidavit of defendant corroborated by others showing residence here since November, 1911.

An action against the maker of a promissory note which was executed in Boston in January, 1911, when the maker was a non-resident of this State, is barred by the six-year Statute of Limitations, where the maker has resided within this State for more than six years before the commencement of the action.

The complaint should have been dismissed under rule 107 of the Rules of Civil Practice, upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action on a promissory note, where the motion for judgment was supported by the uncontradicted affidavit of the maker, corroborated by the affidavits of four other persons, that the maker had resided within the State of New York since November, 1911.

APPEAL by the defendant, Louis Auerbach, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of June, 1922, denying his motion to dismiss the complaint.

*Milton R. Weinberger* of counsel [*William Klein* with him on the brief], for the appellant.

*Eisenberg & Eisenberg* [*Jehial° M. Roeder* of counsel; *Joseph Hirschman* with him on the brief], for the respondent.

FINCH, J.:

The action is upon a promissory note alleged to have been executed by the defendants at Boston, Mass., on January 31, 1911. By its terms the note matured one year from date, or on January

31, 1912. The defendant Louis Auerbach moved for judgment dismissing the complaint under rule 107 of the Rules of Civil Practice, upon the ground " that the cause of action did not accrue within the time limited by law for the commencement of an action thereon." From the affidavits submitted in support of the motion it appears that the said defendant, since November, 1911, has been a resident of this State. The defendant is thus entitled to the protection afforded by the Statute of Limitations of this State applicable to such a claim, namely, six years. (*Dalrymple* v. *Schwartz*, 177. App. Div. 650; *Isenberg* v. *Rainier*, 145 id. 256, 258.) The Special Term held, however, that the question of the defendant's residence presented an issue which could not be decided upon affidavits, citing *Dalrymple* v. *Schwartz* (*supra*). In that case there was only the uncorroborated testimony of the defendant, whereas in the case at bar the defendant's proof of residence is corroborated by the affidavits of four other persons. Plaintiff did not attempt in any way to controvert defendant's claim as to residence. No facts were shown, therefore, from which the court could infer that there was an issue to be tried. (*Dwan* v. *Massarene*, 199 App. Div. 872.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the complaint as to the defendant Louis Auerbach dismissed, with costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and complaint as to the defendant Louis Auerbach dismissed, with costs.