ABRAHAM KOERNER, Plaintiff, *v.* ALFRED APPLE and HERMAN APPLE, Defendants.

Supreme Court, New York Special Term, February, 1923.

Practice — Statute of Limitations — complaint may be dismissed on motion by defendant before answering upon uncontroverted affidavit setting up the Statute of Limitations.

Under the present practice a defendant before answering may by affidavit present facts constituting the defense of the Statute of Limitations to the cause of action alleged in the complaint, and where such facts are not controverted by the plaintiff's affidavits the sufficiency of the defense may be disposed of as matter of law.

When an action was commenced to have statements of accounts between plaintiff and defendants opened and set aside as accounts stated on the ground of fraudulent representations contained therein and to have the accounts restated and for the recovery of the amounts found due to plaintiff, there was another action pending by the same plaintiff against the same defendants to recover money alleged to be due for commissions as a salesman, over the amounts paid to plaintiff upon the said statements of the accounts between the parties.

*Held*, that the Statute of Limitations as a defense to the cause of action pleaded in each complaint, though they were not the same, was properly presented for determination by a motion to dismiss the complaint in the second action.

MOTION to dismiss complaint.

*Edward A. Brown*, for plaintiff.

*Louis W. Osterweis*, for defendants.

TIERNEY, J. This is a motion made under rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that there is another action pending for the same cause and that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. There is another action pending by the plaintiff to recover from the defendants amounts due to the plaintiff for commissions as a salesman over the amounts paid to him upon the defendants' statements of the accounts. This action is brought to have the statements of accounts opened and set aside as accounts stated on the ground of alleged fraudulent representations contained therein and to have the accounts restated and for the recovery of the amounts actually due. I think that this is not the same cause as that in the action at law for the recovery of the moneys due upon the contracts of employment. As to the second ground of the Statute of Limitations having run against the enforcement of the causes of action the plaintiff objects that such a defense is only available where the defendants have elected to interpose the same and must be pleaded in the answer. That was the rule under the Code of Civil Procedure. Until the defense was pleaded it did not exist and the question of whether it applied could be tested only by a demurrer to the defense or by a motion for judgment upon the pleadings after a reply had been required. But by the present practice a defendant may present the facts constituting this defense by affidavit before answering, and where the facts are not controverted by the plaintiff's affidavits the sufficiency of the defense may be disposed of as a matter of law. That is the situation in the present case and the question is properly presented for determination by this motion to dismiss the complaint. Whether the plaintiff succeeds in having the accounts stated opened or not, his right to recovery is based upon his contracts of employment. These do not entitle him to an accounting from the defendants, but only to the recovery of a common-law judgment for money. At the time that his action was commenced his cause of action to recover anything under these contracts had been outlawed by the lapse of time. This was as true of the amount that he now says he should have been paid as of the amount that the parties agreed to and

settled by.  If the accounts stated should be opened it would enable the plaintiff only to recover the true amount due him upon his contracts and remove the bar of the accounts stated from such recovery.  A judgment setting aside the accounts stated would not put the plaintiff in any better position than a waiver by the defendants of the accounts stated constituting a defense.  Eliminating the accounts stated from the case the plaintiff is left with causes of action that are outlawed.  Attaining the same result by a judgment ought not to revive the plaintiff's right to recover upon causes that are outlawed.  If we look solely at the form of the plaintiff's action it is one in equity which is not outlawed.  If we look at the substance and result which the plaintiff is endeavoring to attain, it is one to recover the amount claimed to be due upon causes that are outlawed.  The plaintiff is not seeking nor would the court lend its aid to merely set aside the accounts stated if the only result would be to restate the correct amount which the plaintiff could have recovered if he had brought his action in time but may not now recover because the statutory time had run against his claim.  I think, therefore, that the sufficiency of the defense and its application should be tested by looking at the purpose of the action and not merely the method adopted by the plaintiff of carrying out its purpose.  Form should yield to substance in this determination.  The Statute of Limitations would prevent the plaintiff from recovering any judgment but one of useless formality.  It seems to me that it constitutes a complete defense and the motion to dismiss the complaint upon the second ground of motion is granted, with ten dollars costs.  Settle order on notice.

Ordered accordingly.