SAMUEL A. HERZOG, Appellant, *v.* FREDERICK BROWN, Respondent.

First Department, June 4, 1926.

**Pleadings** — action for breach of contract for sale to plaintiff of leasehold of more than three years — motion by defendant under Rules of Civil Practice, rule 107, subd. 8, to dismiss complaint on affidavit that contract was oral and unenforcible under Statute of Frauds — affidavit by plaintiff shows memorandum signed by alleged agent of defendant — affidavit of defendant denies agency — issue of agency raised which must be tried by jury under Rules of Civil Practice, rule 108.

In an action to recover damages for breach of a contract for sale to the plaintiff by the defendant of a leasehold for more than three years, a motion by the defendant under subdivision 8 of rule 107 of the Rules of Civil Practice to dismiss the

complaint on the ground that the contract was oral and, therefore, unenforcible under the Statute of Frauds must be denied, for the plaintiff shows in his answering papers that a memorandum was signed by the alleged agent of the defendant and the defendant in turn disputes or denies the agency of the person who signed the memorandum.

Under the facts and papers presented a serious question of fact is raised as to the authority of the alleged agent and this question of fact must be tried by a jury as provided in rule 103 of the Rules of Civil Practice.

APPEAL by the plaintiff, Samuel A. Herzog, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of November, 1925, granting defendant's motion for judgment dismissing the complaint on the ground that the action is founded on a contract unenforcible under the provisions of the Statute of Frauds.

*Max D. Steuer* of counsel [*Harold H. Corbin* with him on the brief; *M. S. & I. S. Isaacs*, attorneys], for the appellant.

*I. Maurice Wormser* of counsel [*Peter J. Baxter* and *Harry M. Marks* with him on the brief; *Marks & Marks*, attorneys], for the respondent.

WAGNER, J. The plaintiff instituted this action to recover damages from the defendant because of a breach of contract. The complaint alleges the making of a contract whereby defendant agreed to sell to plaintiff and plaintiff agreed to purchase defendant's leasehold interest of a term of more than three years upon specified terms; that the plaintiff was at all times ready, able and willing to carry out the terms of this agreement, but that defendant notified plaintiff he would not perform.

Before answering the defendant moved under rule 107, subdivision 8, of the Rules of Civil Practice to dismiss the complaint upon the ground that the contract on which the action is founded is unenforcible under the provisions of the Statute of Frauds.

To support the motion the defendant submitted an affidavit of which the following is an extract: " The contract referred to in the complaint was oral. Neither said contract nor any note or memorandum thereof was in writing and subscribed by me or the plaintiff nor by my lawfully authorized agent or the lawfully authorized agent of the plaintiff. No part of the transaction was ever consummated by the payment of any part of the consideration or by the delivery to the plaintiff of any document assigning the said leasehold."

In refutation of defendant's claim that only an oral executory contract was made, the plaintiff in his answering affidavit stated:

" A memorandum of said contract, signed by the authorized agent of the defendant, sets forth the following, which is a complete compliance with the requisites of the Statute of Frauds:

" ' (Letterhead of Pease & Elliman, Inc.)

" ' NEW YORK, *June* 25, 1925.

" ' Mr. SAMUEL A. HERZOG,

" ' 299 Madison Avenue,.

" ' City.

" ' DEAR SIR.— This will inform you that Mr. Frederick Brown, of 565 Fifth Avenue has accepted your offer for the lease for the Knodler property No. 556 Fifth Avenue upon the following terms:

" ' $425,000 cash, contract to run until September 1st, 1925.

" ' $25,000 deposit.

" ' I have informed your attorney Mr. Stanley Isaacs of No. 505 Fifth Avenue of this fact.

" ' Yours very truly,

" ' CHESTER L. DANE,

" ' *Vice-President.' "

The defendant also presented a replying affidavit which clearly raises a serious dispute as to the authority of the alleged agent to sign the writing on behalf of defendant, which, if valid, concededly complies with the requirements of the Statute of Frauds. (See Real Prop. Law, §§ 242, 259.)

The court below granted defendant's motion to dismiss the complaint upon the ground that plaintiff's affidavit was insufficient to raise an issue of fact as to the alleged agent's authority to sign the memorandum on behalf of defendant. This was error requiring a reversal of the order of dismissal.

Rule 107 of the Rules of Civil Practice is an adaptation to actions at law of the old equity practice of raising questions of law by a plea' in bar and having them determined before the defendant pleads to the merits. A plea in equity had for its purpose the presentation of some distinct fact not appearing on the face of the pleadings which of itself created a bar to the suit, while an answer was to meet all the allegations of the bill.

To avoid the invasion of the constitutional right of litigants in common-law actions of a jury trial (Const. art. 1, § 2), rule 108 of the Rules of Civil Practice provides that the court in a proper case may direct a question of fact raised by the affidavits submitted upon the motion to be tried by a jury. After such question is determined the case is remitted to the Special Term where final disposition may be made.

Treating the moving affidavit of defendant as in the nature

of a plea in bar, we think it sufficiently alleges the ultimate fact setting up the Statute of Frauds as a plea in bar. So too, the answering affidavit of the plaintiff sufficiently sets forth for pleading purposes the ultimate fact that the memorandum was signed by defendant's agent; or, putting it conversely, the affidavit in effect denies defendant's assertion that the alleged agent was without authority to act. A serious question of fact is clearly raised as to the authority of Dane to act on behalf of the defendant in substantial compliance with rule 108 of the Rules of Civil Practice, which provides: " If the plaintiff on the hearing of a motion specified in the last rule shall present affidavits denying the facts alleged by the defendant or shall state facts tending to obviate the objection, the court may hear and determine the same and grant the motion, and in its discretion allow the plaintiff to amend the complaint upon such terms as are just; or it may direct that the questions of fact, which shall be clearly and succinctly stated in the order, be tried by a jury or referee, the findings of which shall be reported to the court for its action; or it may overrule the objections, and in its discretion may allow the same facts to be alleged in the answer as a defense. If the objections be made to some of the causes of action, and not to all, judgment may be entered as provided in section ninety-six of the Civil Practice Act or rule one hundred and ninety-five of the Rules of Civil Practice."

Were there no dispute in respect to the existing facts, their legal effect as to whether it brought the matter within the Statute of Frauds would be a question of law to be determined solely by the court. Here, however, the affidavits and pleadings put in issue the question of agency. The plaintiff is entitled to have that issue tried by a jury.

The order dismissing the complaint should be reversed, without costs, and the question of fact whether Chester L. Dane had authority to sign the writing as agent for and on behalf of the defendant be tried by a jury as provided in rule 108.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Order reversed, without costs, and the question of fact directed to be tried by a jury as provided in rule 108. Settle order on notice.