HARRY I. GARFUNKEL, Appellant, *v*. WILLIAM MALCOLMSON and Another, Respondents.

First Department, July 6, 1926.

**Vendor and purchaser — action by purchaser for specific performance — motion by defendants under Rules of Civil Practice, rule 107, subd. 8, to dismiss complaint on ground that contract was unenforcible under Statute of Frauds — complaint does not state that contract was in writing, and answer served before motion, does not raise defense — affidavits in opposition state that contract was made with authorized agent of defendants — issue is raised — defendants cannot raise question of Statute of Frauds since answer did not plead defense.**

In this action by a purchaser to compel the specific performance of a contract for the sale of land, the complaint does not allege that the contract was in writing. An answer was served which contains a general denial but does not set up as a defense the Statute of Frauds. After the answer was served the defendants

moved, under subdivision 8 of rule 107 of the Rules of Civil Practice, to dismiss the complaint on the ground that the contract, on which the action is founded, is unenforcible by reason of the Statute of Frauds. In opposition, the plaintiff submitted an affidavit to the effect that a written contract was entered into between the plaintiff and the authorized agent of the defendants, and that subsequently the contract was approved by the defendants.

The affidavits in opposition to the motion present an issue of fact as to whether the defendants are bound by the writing executed by their alleged agent, depending upon whether the defendants authorized the agent to sign the contract or subsequently ratified the same, and, therefore, it was improper to dismiss the complaint.

The defendants, having answered before the motion to dismiss was made, and not having set up the Statute of Frauds as a defense, cannot ask that the complaint be dismissed on the ground that the contract was unenforcible under the Statute of Frauds.

APPEAL by the plaintiff, Harry I. Garfunkel, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of December, 1925, granting defendant's motion to dismiss the complaint.

*Charles H. Studin* of counsel [*Leon Mintz* with him on the brief], for the appellant.

*Samuel Abramson* of counsel, for the respondents.

FINCH, J. The complaint is in the usual form for an action brought by the vendee of real estate to compel the vendor specifically to perform by conveying title. It does not appear from the complaint that the contract was in writing. The answer is substantially a general denial and does not set up as a defense the Statute of Frauds. The complaint was served on the 1st day of December, 1925. The defendants answered on December 4, 1925, and thereafter on December eighteenth, and within twenty days of the service of the complaint, the defendants moved by order to show cause to dismiss the complaint. In the moving affidavits defendants stated that the motion was brought under the provisions of rule 107, subdivision 8, of the Rules of Civil Practice, namely, upon the ground that the contract on which the action was founded was unenforcible by reason of the Statute of Frauds. That there might be no mistake in apprising the plaintiff of the ground of the motion, it also elsewhere is alleged in the moving affidavits "that the alleged contract on which the action is founded is not enforcible under the provisions of the Statute of Frauds." In their affidavits the defendants assert that they were out of the city at the time the contract is alleged to have been signed and that neither of the defendants signed any writing or made any agreement with the plaintiff for the sale of the property. In opposition to the motion,

the plaintiff has submitted an affidavit alleging that the defendants authorized the Maxwell Wagner Agency, Inc., real estate broker, to sell the property in question to the plaintiff and that the plaintiff entered into a contract of sale in writing with the defendants through the said agent, a copy of which contract is set forth. It is further alleged by the plaintiff that the said agreement was seen and approved by the defendants after its execution and that certain interlined changes appearing thereon were made pursuant to the instructions of defendants by the said broker. Plaintiff further alleges that he is prepared to prove said agency upon the trial by ample evidence.

Upon this appeal it is not disputed by the defendants that the writing upon which the plaintiff relies is sufficient to satisfy the requirements of the Statute of Frauds, if the broker who signed the same was duly authorized so to do. There is thus a writing admittedly constituting an apparent compliance with the Statute of Frauds and an issue of fact is raised whether the defendants are bound by this writing, depending upon whether the defendants had authorized the Maxwell Wagner Agency, Inc., to sign said contract as their agent or had subsequently ratified the same. The presence of this issue of fact requires a reversal of the order appealed from and a denial of the motion to dismiss the complaint. (*Herzog* v. *Brown*, 217 App. Div. 402.) The defendants, however, contend that the court at Special Term was justified in deciding adversely to the plaintiff the issue whether there was such authority as aforesaid inasmuch as the plaintiff was content to rest upon the writing produced and the allegation that the broker was authorized to make the same, but showed no further facts to prove such authority. In so contending, however, the defendants overlooked the allegations already noted in the affidavit of the plaintiff that the defendants saw and approved the agreement after such agreement had been signed by the Maxwell Wagner Agency, Inc., thus ratifying the authority, and that the interlined changes shown in this agreement were made by the broker on the instructions of the defendants. The plaintiff urges on his part that the motion brought by the defendants, namely, that the contract is unenforcible by reason of the Statute of Frauds, is not now available to the defendants in the present state of the pleadings, since the answer served by the defendants does not set up a defense of the Statute of Frauds. In this contention plaintiff is correct, since the defendants have not only answered but in this answer, by not setting up as a defense non-compliance with the Statute of Frauds, have taken a position in the cause that they do not intend to rely thereon. Any defect in this regard, therefore, has been declared immaterial

by the defendants. This is not a case of where the plaintiff has subsequently served a bill of particulars showing that the contract relied upon was defective under the Statute of Frauds and thus furnished an admission which permitted a motion to be made for judgment on the pleadings under section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. (*Harmon* v. *Peats Co.,* 216 App. Div. 368.)

The plaintiff not having raised the effect of the service by the defendants of an answer before making their motion to dismiss, this question is not before the court.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, MARTIN and WAGNER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.