GEORGE PIERCE, Plaintiff, *v.* FRANK G. BRISTOL, Defendant.

Supreme Court, Steuben County, August 2, 1927.

**Pleadings — answer — motion under Rules of Civil Practice, rule 109,
subd. 6, to strike out defenses — action to restrain enforcement of
Pennsylvania judgments entered on judgment notes — complaint is
insufficient and motion to strike out defenses is denied.**

On a motion made under subdivision 6 of rule 109 of the Rules of Civil Practice
to strike out defenses as insufficient in law, the court will examine the complaint
to determine whether or not it states a good cause of action, and, if it does not,
the motion to strike out will be denied.

The complaint in this action alleges that the plaintiff made and delivered two Pennsylvania judgment notes; that the notes were paid before the death of the payee and that thereafter a judgment was entered in Pennsylvania by the administratrix of the payee and the relief demanded is that the notes be declared paid and the defendant enjoined from seeking to collect or enforce the judgments and from assigning or disposing of the notes. A judgment entered upon a judgment note stands until reversed or set aside, and since the judgments herein are judgments of a court of a sister State, they are entitled to full force and effect in this State and are *res adjudicata* of the causes of action alleged in this complaint. Therefore, the complaint does not state a cause of action and the motion to strike out the defenses is denied.

MOTION by plaintiff to strike out defenses under Rules of Civil Practice, rule 109, subdivision 6.

*Sebring & King,* for the motion.

*Harry L. Allen,* opposed.

THOMPSON, J. This is a motion under Rules of Civil Practice, rule 109, subdivision 6, to strike defenses consisting of new matter from an answer upon the ground that they are insufficient in law. It is analogous to a motion for judgment dismissing the complaint under Rules of Civil Practice, rule 106, and is equivalent to a demurrer, although demurrer as such has been abolished. (Code Civ. Proc. § 494; Rules Civ. Prac. rule 109, subd. 6; Civ. Prac. Act, § 277; *Hull* v. *Hull,* 225 N. Y. 342, 355.)

" A motion to strike out a portion of a pleading has been said to be in substance a demurrer to that portion attacked, when it is used to trim off and cast out improper matter inserted in a pleading which contains proper averments, as distinguished from the use of a demurrer to root up and cast out the whole pleading at which it is directed." (21 R. C. L. 595.)

Thus a demurrer (*sic,* a motion under Rules of Civil Practice, rule 109, subd. 6) searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance, because one who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it. (*Chelsea Exchange Bank* v. *Travelers Ins. Co.,* 173 App. Div. 829.)

The sufficiency of a complaint may be challenged in offset to an attack on the answer. (*Corico* v. *Smith,* 178 App. Div. 33, 35.)

A demurrer interposed to a defense opens up the record, and the decision sustaining it is an adjudication that the complaint to which the defense is asserted states a good cause of action. Indeed a demurrer to an answer requires an examination of the complaint to determine whether its allegations are sufficient to constitute a cause of action; therefore, requiring an answer; and

a decision sustaining the demurrer and holding the defense and counterclaim bad is an adjudication that the complaint states a cause of action. ( *Union Ferry Co.* v. *Fairchild,* 191 App. Div. 639; *Skinner* v. *Schwab,* 188 id. 457, 466.)

The complaint alleges that plaintiff made and delivered to the decedent of defendant's assignor, two Pennsylvania judgment notes; that the notes were paid before decedent's death; that thereafter his administratrix entered judgment upon them and that she afterwards sold them to the defendant. The relief asked for is that the notes and obligations be adjudged to be paid and satisfied; that the defendant be enjoined from seeking to collect or enforce the judgments and from assigning or disposing of the notes, and that he be required to surrender the notes up to the plaintiff.

Judgment upon a judgment note is an act of the court and until it is reversed or set aside it has all the qualities, incidents and attributes of a judgment on a verdict. (*Gould* v. *Randal,* 232 Penn. St. 612; *Cuykendall* v. *Doe,* 129 Iowa, 453; 3 L. R. A. [N. S.] 449; 34 Cyc. 127; 15 R. C. L. 663.)

These judgments are judgments of courts of a sister State, and they must be given effect as if they were duly rendered under the laws and by a court of this State, and this without inquiry whether our courts would or could have rendered such a judgment on such a cause of action, whether such a judgment would have been valid under our laws, or whether the court rendering the judgment was right or wrong in the interpretation and application of the laws of its own State. They are conclusive on the merits, and stand here unimpeached. (U. S. Const. art. 4, § 1; *Bigelow* v. *Old Dominion Copper Co.,* 225 U. S. 111; *Fauntleroy* v. *Lum,* 210 id. 230; *Johnston* v. *Compagnie Generale Transatlantique,* 242 N. Y. 381; 23 Cyc. 1545, 1546.)

The judgments pleaded by plaintiff here are *res adjudicata* of the causes of action alleged in his complaint. For this reason the complaint does not state a cause of action.

" A bad answer is good enough for a bad complaint." (*Baxter* v. *McDonnell,* 154 N. Y. 432, 436; *Naud* v. *King Sewing Machine Co.,* 178 App. Div. 31, 32.)

Motion denied, without costs. So ordered.