Henry Thomas, Appellant, v. Andreas A. Bourdes et al.,
Appellees.

Gen. No. 42,876.

Heard in the third division of
this court for the first district at the October term, 1943.
Opinion filed November 7, 1945. Rehearing denied November 26, 1945.
Released for publication November 27, 1945.

JOSEPH B. GILBERT, of Chicago, for appellant.

BEN COPPLE and MORRIS K. LEVINSON, both of Chicago, for appellees.

MR. JUSTICE LEWE delivered the opinion of the court.

By this appeal, plaintiff seeks to reverse an order sustaining defendants' motion to dismiss plaintiff's complaint under section 48 (f) of the Civil Practice Act.

Plaintiff filed his bill in chancery on October 7, 1942, alleging, in substance, that he was the holder of a beneficial certificate issued by the National Paper Napkin Company, a common law trust, hereinafter called "trust"; that in March 1929, the trustees of the trust committed a fraud upon the trust and its beneficiaries by transferring the trust assets to a corporation, organized by the trustees, known as the National Paper Napkin Manufacturing Company, hereafter called "corporation"; that the trustees converted the stock of said corporation to their own use and benefit; that the trustees obtained control of the corporation and withheld large profits which in equity belong to plaintiff and other beneficiaries; and that the plaintiff "learned only within the last thirty days" preceding the filing of his suit of the aforesaid fraudulent acts committed by the trustees. It concludes with a prayer for an accounting.

On November 12, 1942, certain defendants filed answers which averred in substance that the plaintiff participated in the transfer of all the assets of the trust to the corporation and that the plaintiff had full knowledge of the entire transaction, and denied that the trustees converted the stock and the profits to their own use.

On May 27, 1943, Peter Danos, one of the defendants, filed a written motion to dismiss the complaint under section 48 (f) of the Civil Practice Act [Ill. Rev. Stat.

1945, ch. 110, par. 172, subpar. (f); Jones Ill. Stats. Ann. 104.048, subpar. (f)], supported by affidavits and documents which are attached to the motion and marked Exhibits 1, 2, 3 and 4. The gist of the allegations in defendant Peter Danos' motion to dismiss is that the plaintiff and others executed the original subscription agreement to organize the corporation on February 9, 1929 and that the plaintiff acted as chairman of the meeting of the incorporators; that he signed the statement of incorporation pursuant to the terms of the subscription agreement; that he knew that the purpose of the formation of the corporation was to transfer the assets of the trust to the corporation.

We have made a careful examination of the motion to dismiss and the exhibits attached thereto, and it discloses that in 1929 the plaintiff had gained full knowledge of the facts which he alleges in his complaint that he learned ''only within the last thirty days'' prior to the filing of the instant suit. Our examination also discloses that a suit instituted by the plaintiff, entitled *Henry Thomas v. National Paper Napkin Mfg. Co.*, Case No. 34 C 4959 in the circuit court, involved the same subject-matter as in the case at bar and was determined in this court on appeal and reported in volume 290 Ill. App. 291, all of which shows conclusively we think that the plaintiff obtained possession of the facts more than ten years before instituting this suit.

No counter affidavits were filed by plaintiff to defendants' motion to dismiss, nor was any pleading filed by the plaintiff attacking the sufficiency of the motion. On June 30, 1943, the chancellor gave leave to the defendants who had filed answers to withdraw them and to join in and adopt the motion to dismiss filed by the defendant Peter Danos. On the hearing of the motion to dismiss, no issue of fact having been created, the court sustained defendants' motion and dismissed the cause for want of equity.

Plaintiff's theory of the case is that the affidavits filed in support of defendants' motion to dismiss could not be considered where they purported to set up facts contrary to the allegations of the complaint and that no statute of limitations is a bar to a suit against a trustee for an accounting until the trustee has openly and unequivocally repudiated the trust relationship.

Defendants' theory is that a motion to dismiss a complaint pursuant to the provisions of section 48 (f) of ch. 110, Ill. Rev. Stat. 1945, supported by affidavits to which no counter affidavits were filed, creates an issue of law which can be passed upon by the court; and that inasmuch as it appears from the affidavits that the plaintiff knew, more than ten years before the institution of the suit, of the alleged breach of trust and the repudiation of the trust by the trustees, the statute of limitations is a complete bar to the action.

Plaintiff's contentions involve the construction of section 48 (f). Except for a slight change in phraseology, the language is the same as Rule 107 of the New York Rules of Civil Practice, which has been in effect for several decades. In *Koerner v. Apple,* 120 Misc. 266, 199 N. Y. S. 171, at 172, the court, in construing Rule 107 of the Rules of Civil Practice, said:

"By the present practice a defendant may present the facts constituting this defense by affidavit before answering, and where the facts are not controverted by the plaintiff's affidavits the sufficiency of the defense may be disposed of as a matter of law."

In *Herzog v. Brown,* 217 App. Div. 402, 216 N. Y. S. 134, at 135, the court held that,

"Rule 107, Rules of Civil Practice, is an adaptation to actions at law of the old equity practice of raising questions of law by a plea in bar and having them

determined before the defendant pleads to the merits. A plea in equity had for its purpose the presentation of some distinct fact, not appearing on the face of the pleadings, which of itself created a bar to the suit, while an answer was to meet all the allegations of the bill.''

In passing upon the provisions of this section, the court said in *Montgomery v. Whitlock,* 306 Ill. App. 271, that affidavits may be considered if they fall within section 48, and that motions under the Civil Practice Act are now substituted for demurrers. In the recent case of *Richey v. Northwestern University,* 323 Ill. App. 293, defendant made a motion to dismiss, alleging that the suit was barred by the statute of limitations. The court held that a motion under section 48 (f) would lie.

The plaintiff having failed to controvert the facts contained in the defendants' motion to dismiss and affidavits supporting it, they must be taken as true. (*People v. United States Fidelity & Guaranty Co.,* 306 Ill. App. 518, 523; *Brandt v. St. Paul Mercury Indemnity Co.,* 285 Ill. App. 212.) Since the facts related in defendants' motion to dismiss and the attached exhibits clearly show that the plaintiff knew for more than ten years prior to the institution of his suit that the trust was terminated by the transfer of its assets to the corporation, we do not think his position is tenable. In *Becker v. Billings,* 304 Ill. 190, 199, the court said:

''It may be conceded that so long as a trustee continues to exercise his powers as trustee in regard to property that he can be called to an account in regard to that trust, but when he has parted with all control over the property and has closed up his relation to the trust and no longer claims or exercises any authority under the trust, the principles which lie at the foundation of all

statutes of limitation assert themselves in his favor and time begins to cover his past transactions with her mantle of repose."

This doctrine also applies to cases of express trust. (*Simpson v. Manson,* 345 Ill. 543, 554.)

Plaintiff also urges that the affidavits marked as Exhibits 2, 3 and 4 were executed by attorneys for certain defendants and therefore should not be considered, and that the particular statute of limitations applicable must be pleaded. Since these points were not raised before the trial court we shall not consider them. (*City of Lincoln v. Chicago & A. R. Co.,* 262 Ill. 98; *Haugan v. Michalopoulos,* 280 Ill. App. 239, 245.)

For the reasons indicated, the order sustaining defendants' motion to dismiss is affirmed.

*Affirmed.*

KILEY, P. J., and BURKE, J., concur.