## MILLER v. NATIONAL CITY BANK OF NEW YORK et al.
### No. 124, Docket 20801.

Circuit Court of Appeals, Second Circuit.
March 15, 1948.

Pomerantz Levy Schreiber & Haudek, of New York City (Milton Paulson and William E. Haudek, both of New York City, of counsel), for plaintiff-appellant.

Davis Polk Wardwell Sunderland & Kiendle, of New York City (Ralph M. Carson, William C. Cannon, and Francis W. Phillips, all of New York City, of counsel), for defendant-appellee Guaranty Trust Co. of New York.

Shearman & Sterling & Wright and McClellan & Shrewsbury, all of New York City (Otey McClellan, M. V. Voorhies, and Martin J. Cunningham, all of New York City, of counsel), for defendant-appellee National City Bank of New York.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Appellees were two of five members of a banking group which, on June 14, 1916, made a written offering to the public, inviting participation in a loan to the Russian Imperial Government, then in the process of negotiation. The offering recited that the banking group was arranging a three-year, six-and-one-half-percent, credit of $50,000,000 in New York on behalf of the Imperial Government; and that the group, in addition, would have options to buy rubles or Russian Treasury bonds at stated dollar rates, which might be resold at a profit, the profits from the entire transaction to be distributed ratably among participants on final settlement of the account. On June 18, 1916, the banking group signed an agreement with the Russian Government, as outlined above. By June 19, 1916, the $50,000,000 was fully subscribed. Appellant claims to be one of the original subscribers to the extent of $5,000. On July 10, 1916, the actual credit for the Russian Government was established, consisting of $25,000,000 in each of the defendant banks. In January, 1917, the banking group issued participation certificates in the loan, one of

which is held by appellant. In November 1917, the Czarist Government was overthrown, and the new Russian government repudiated Russia's foreign debt, including the amount owed under the credit agreement with the banking group. On July 1, 1919, a Certificate Holders' Protective Committee was formed to represent the certificate holders in attempting to secure payment or liquidation of the credit. Appellant alleges that five of the seven members of the committee were executive officers of the members of the original banking group, and dominated and controlled the committee. The committee ceased its operations in October 1938.

Appellant's complaint is based on the following allegations: On November 7, 1917, at the time when the Russians repudiated their debt, there remained on deposit with appellee Guaranty Trust Company a balance of about $5,000,000 in the Russian credit account; Guaranty misappropriated this amount for its own use, by closing the existing account and transferring the $5,-000,000 to a new account in the name of the Russian government, opened without Russian authority; at the same time, Guaranty debited the new account with $9,000,000 purportedly representing the indebtedness of private Russian banks to the Guaranty. Guaranty maintains, on the other hand, that the entire original credit was exhausted on July 2, 1917, and the only funds which it held thereafter for the account of the Russian government were the proceeds of a separate $5,000,000 deposit made with it, on July 12, 1917, by the financial attache of the Russian Embassy, out of moneys loaned by the United States to the Russian government. This deposit, says Guaranty, was set off on February 25, 1918, against its own claim for a greater amount against Russia arising from the Soviet Government's nationalization of the Russian banks.

Disputes which arose out of the foregoing set of circumstances gave rise to a total of five similar actions in the New York state courts,[1] one brought by appellant here. One suit was discontinued. The other four terminated favorably for the defendants in judgment for them on the ground of the statute of limitations.

In the state court action between appellant here and Guaranty, the original complaint alleged that plaintiff had purchased his participation after the execution of the credit agreement but prior to July 10, 1916, the day the actual credit was established. In the complaint before us, appellant alleges that the entire participation was fully subscribed "on or before June 18, 1916," the day the credit agreement was signed, and that he was one of the original subscribers. This represents the only significant difference between the two complaints. Defendant, in the state-court action, moved to dismiss the complaint under Rule 107, New York Rules of Civil Practice, on the ground that the cause of action was barred by the statute of limitations, supporting his motion by affidavits. Plaintiff opposed the motion with answering affidavits, in which he set out the banking group's offering of June 14, 1916, and the fact that the participation had been fully subscribed by June 19, 1916. The New York Supreme Court dismissed the complaint on the merits, on the ground of the statute of limitations, stating (1) that no express trust had been created, and (2) that plaintiff's cause of action accrued as early as June 18, 1919. The Appellate Division affirmed without opinion.[2]

Appellant began the instant suit on March 6, 1942. Both defendants moved to dismiss

---

[1] Milvy v. Guaranty Trust Co., et al., commenced in Westchester County November 14, 1941, and dismissed by Special Term on the ground of statute of limitations April 22, 1942; Guggenheim v. Guaranty Trust Co., commenced in New York County November 1, 1941, and dismissed on ground of statute of limitations November 26, 1943; Francis de Paulo v. National City Bank, et al., commenced in New York County November 28, 1941, and discontinued March 9, 1942;

Miller v. Guaranty Trust Co., et al., commenced in New York County March 16, 1942 and dismissed on ground of statute of limitations June 16, 1942; Julian v. Lee, Higginson Corp., et al., commenced in New York County April 2, 1942 and dismissed on ground of statute of limitations June 16, 1942.

[2] Miller v. Guaranty Trust Co. of N. Y., 265 App.Div. 1040, 39 N.Y.S.2d 1002, appeal denied 266 App.Div. 656, 41 N.Y. S.2d 198, affirmed, Sup., 67 N.Y.S.2d 76.

the complaint for lack of the requisite jurisdictional amount in controversy. We reversed the judgments of the district court which had granted these motions, Miller v. National City Bank, 2 Cir., 147 F.2d 798, but expressly did not pass on the merits of the claim. After our mandate was filed, plaintiff amended his complaint. Guaranty moved, under Rule 56,[3] for summary judgment dismissing the amended complaint on the grounds of (1) res judicata, and (2) the statute of limitations. The National City Bank moved for dismissal, under Rules 56 and 12, on five grounds. The district court declined to pass on the issue of res judicata, but dismissed the complaint as to Guaranty on the grounds of the statute of limitations, concluding, "that if the New York law barred the former claim, it must logically bar the latter." It dismissed the complaint as to the National City Bank solely upon the ground of a lack of a sufficient jurisdictional amount. Appellant brought this appeal.

1. *Dismissal as to the Guaranty Trust Company.*

The theory of appellant's claim against Guaranty is that it became trustee of an express trust for the benefit of the participants, that that trust is subsisting and unrepudiated, and that the statute of limitations does not run in favor of a trustee until he has accounted for, or openly repudiated, the trust. Whatever may be the merits of appellant's argument on this issue, we have been prevented from passing upon it by the decision of the state court.

■ Although the district court expressly declined to pass on the question of res judicata, we believe that that doctrine must control our decision here. The res judicata effect of a prior judgment on the merits depends on whether the second action between the same parties is upon the same or a different cause of action.[4] If it is upon the same cause of action, a judgment on the merits creates an absolute bar to a subsequent action between the same parties, regardless of the arguments presented by the parties in the first suit and even if the judgment was erroneous.[5] The New York courts had before them the same parties as are now before us, and in a suit arising from the same transaction. If the cause of action in that case was the same as in this, then appellant must be bound by that decision, although his attempted recovery now rests upon another legal theory. In such circumstances, res judicata "makes white black, the crooked straight, the straight, crooked," as between the litigants.[6]

■ Appellant maintains that the causes of action against Guaranty asserted here and in the state court actions are not the same, because in the state court the participation certificates were invoked as the original contracts giving rise to the trust, while here the amended complaint is based on the original offering and subscription before the establishment of the credit. Appellant errs, however, in maintaining that the state court could consider only plaintiff's complaint as it was pleaded and that it must have considered the claim as one based on the participating certificate. The original offering and subscription were both before the state court in plaintiff's affidavit opposing the motion under New York Civil Practice Rule 107(6), to dismiss for a defect not apparent on the face of the com-

---

[3] Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c.

[4] Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069.

[5] New York State Labor Relations Board v. Holland Laundry, Inc., 294 N.Y. 480, 493, 494, 63 N.E.2d 68, 161 A.L.R. 802; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456; Chicot County District v. Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L. Ed. 329; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L. Ed. 1069. See Travelers Ins. Co. v.

Commissioner, 2 Cir., 161 F.2d 93, 95, 96; Buchanan v. General Motors Corp., 2 Cir., 158 F.2d 728.

Cleavy, who criticizes what he considers undesirable extensions of the "might-have-been-litigated" aspect of the res judicata doctrine, has no such criticism where it is applied when the difference between the first and second suit is but one of legal theory. Cleavy, Res Judicata Re-examined, 57 Yale L.J. (1948) 339, 343, 346.

[6] New York State Labor Relations Board v. Holland Laundry, Inc., 294 N.Y. 480, 494, 63 N.E.2d 68, 161 A.L.R. 802.

plaint. Such a motion under New York law is more in the nature of a motion for summary judgment than a demurrer. Unlike a motion under Rule 106 for a dismissal for a defect apparent on the face of the complaint, which has replaced a demurrer in New York State,[7] a motion under Rule 107 requires the submission of affidavits by the moving party, and permits the submission of affidavits in opposition to the motion. If these affidavits raise an issue of fact, the court, acting under Rule 108, may refer it to a jury or referee.[8] Where no issue of fact is raised, the judge will decide the issues of law on the papers before him.[9] True, in such a case where no affidavits are filed in opposition to the motion, the allegations of the complaint must be taken as true.[10] But we find no cases holding that, where such affidavits are filed, the judge must ignore them and confine his attention to the complaint; indeed, such a holding would destroy any purpose in filing affidavits in opposition to the motion.

The case of Brick v. Cohn-Hall-Marx, 283 N.Y. 99, 27 N.E.2d 518, on which appellant principally relies, does not bear out his position. There plaintiff had originally brought suit on a contract, and the Court of Appeals had sustained a dismissal under Rule 106 on the grounds of the statute of limitations for a defect apparent on the face of the complaint.[11] In a second suit, that dismissal was held no bar to an action on the same contract alleging a seal, where the new complaint avoided the defects of the old. The case does not control the situation at bar. In the Brick case, the first judgment was not on the merits, but was for a defect on the face of the complaint under Rule 106; here the first judgment was expressly on the merits, and for a defect not apparent on the face of the com-

plaint under Rule 107(6). The Brick case holds that where a cause of action is dismissed under Rule 106 for a defect apparent on its face, not on the merits, plaintiff is not barred from a new action where the defects of the first complaint are cured. It does not hold, as appellant contends, that a motion under Rule 107(6) is a demurrer, or that, where a complaint is dismissed on motion, on the merits for a defect not apparent on its face but indicated by the affidavits on the motion, the litigant can successfully maintain a second suit on a different legal theory.

■ It appears, then, that the state court, in determining that the statute of limitations had run against appellant, must be assumed to have considered the offering and subscription as well as the participation certificates. Thus the same facts were before that court as are here before us. To be successful, a claimant must state facts which constitute a cause of action by establishing the unlawful violation of a right.[12] Under the facts before both the state court and the district court, we can see only one possible, unlawful act, namely, the breach of a fiduciary duty, if any, which Guaranty owed to the participants. Therefore, appellant must be bound by the state court decision on that cause of action, although here he asserts a different ground of relief.

*2. Dismissal as to the National City Bank:*

■ Appellant bases his claim against the National City Bank on the following theory: That Bank had entered a conspiracy to destroy his claim against the Guaranty Trust Company by causing the statute of limitations to run; in carrying out the conspiracy, the National City had falsely represented that the entire fund held by Guaranty had been exhausted; the participants,

[7] Pierce v. Bristol, 130 Misc. 188, 223 N.Y.S. 678; 3 Carmody, New York Practice, § 1035, p. 2238. Cf. Shipley v. Schmitzer, 224 App.Div. 730, 229 N.Y.S. 2d 897.

[8] Barker v. Conley, 267 N.Y. 43, 195 N.E. 677; Herzog v. Brown, 217 App. Div. 402, 216 N.Y.S. 134; 3 Carmody, New York Practice, § 1057, p. 2295.

[9] Koerner v. Apple, 120 Misc. 266, 199 N.Y.S. 171, affirmed 214 App.Div. 716, 209 N.Y.S. 861; Stern v. Auerbach, 203 App.Div. 681, 197 N.Y.S. 295; 3 Carmody, New York Practice, §§ 1053, 1057, pp. 2288, 2295.

[10] Nasaba v. Harfred Realty Corp., 287 N.Y. 290, 296, 39 N.E.2d 243; Locke v. Pembroke, 280 N.Y. 430, 21 N.E.2d 495.

[11] 276 N.Y. 259, 11 N.E.2d 902, 114 A.L.R. 521. See Papers on Appeal in Court of Appeals, pp. 5 and 6.

[12] Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069.

relying on these representations, had failed to press their claims against Guaranty until it was barred by limitations, and did not discover the alleged fraud until less than six years before the filing of the complaint.

Appellant concedes that, unless the claims of participants are aggregated, the amount in controversy is not sufficient to ground jurisdiction. In Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, certiorari denied 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520, aggregation of claims was not permitted where plaintiffs sued for having been induced by fraudulent representations to surrender their individually owned securities. Appellant seeks to distinguish the case by saying that he is not seeking damages, but an accounting for the entire fund. Nevertheless, regardless of his prayer, his action still sounds in fraud. In order to recover he must show not only the misrepresentations but also reliance on them. Reliance is a factor personal to each participant. A judgment holding appellant had or had not relied on misrepresentations would not bind appellee in a suit by another participant. The case, therefore, falls under the category of a "spurious" class suit,[13] and there can be no aggregation of claims.

Affirmed.

---

[13] Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, 98, certiorari denied 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; Ayer v. Kemper, 2 Cir., 48 F.2d 11, 14, certiorari denied 284 U.S. 639, 52 S.Ct. 20, 76 L.Ed. 543; 2 Moore, Federal Practice, § 23.08, p. 2295.