Richard J. Sherman, J.
The complaint of the plaintiffs alleges that the plaintiffs purchased certain premises in the Town of Corinth, County of Saratoga and State of New York, from the defendant, Claude W. Waite, on the 31st day of March, 1959, executed, acknowledged and delivered to said defendant their bond and mortgage bearing date March 31, 1959, to secure the payment to the defendant of the sum of $7,500 and that said bond and mortgage were duly recorded in the Saratoga County Clerk’s office. The third paragraph states that in and by the agreement between the plaintiffs and the defendant at the time of the sale the defendant was to remove from the premises in June of 1959, but remained in possession of said premises until on or about December 1, 1959, upon the agreement and understanding that the rent of said premises would offset the interest payment due on said mortgage for the period ending December 1, 1959, which amount was later stated to be $52.50.
The complaint further alleged an agreement between the parties to the effect that the mortgage would be discounted by 10% if the principal due on said bond and mortgage was paid during the year 1959.
On November 6,1959, the plaintiff, Beatrice I. Fenton, drew a check payable to "Claude Waite in the sum of $4,000,
*407 The complaint also alleges that $250 of the principal due on the mortgage was to be retained by the mortgagors until such time as a heating system had been installed in the house on said premises by the defendant.
The check is alleged to have contained on the left end thereof the following: 11 By endorsement this check is accepted in full payment of the following account” the following figures and words: ‘ ‘ 11/6/59 Four thousand dollar payment on mortgage of George and Beatrice Fenton held by Claude Waite. Balance $2500.00 ’ and also wrote in ink on the left end of the back of said check the following: ‘1 Payment on Mortgage of George & Beatrice Fenton Held by Claude Waite Balance of $2500.00”.
Thereafter on November 19,1959, a check for $2,500 was sent by the plaintiffs to the defendant. This check also contained the following words: ‘‘ By endorsement this check is accepted in full payment of the following account ” as follows: “ Balance on Mortgage of George & Beatrice Fenton held Claude Waite Paid In Full. $2500.— ”. There was also indorsed on the back: ‘ ‘ Balance on mortgage of George & Beatrice Fenton and held by Claude Waite Paid in Full. $250.00 to be paid when heating system is finished.” This check was apparently indorsed by the defendant but never cashed. It was returned to plaintiff on November 23, 1959. Accompanying the check was a letter to the effect that the mortgage had been assigned by the defendant to one Kenneth Beck. The letter stated that defendant was unable to accept payment by reason of such assignment.
The records in the Saratoga County Clerk’s office show that there was an assignment of the mortgage from Claude W. Waite to Kenneth Beck in the sum of $3,500. This assignment was recorded on November 23,1959.
The complaint further alleges that the heating system was not completed until about November 29, 1959, after the assignment of the .said mortgage. The plaintiffs charged that the defendant assigned the mortgage with the intent and for the purpose of defrauding the plaintiffs herein out of $750 discount that had been agreed upon, and made it impossible for the plaintiffs to tender to the defendant as the owner of said mortgage the balance of $250 payable upon the heating system.
Plaintiffs were required to pay to the said Kenneth Beck the principal sum of $3,500, together with $52.50 interest for the months of September, October and November, 1959, during which period the defendant remained in possession of said premises.
The plaintiffs demand body judgment against the defendant for the sum of $802.50.
*408 The defendant moved to dismiss the complaint at a Special Term of the Saratoga County Court; the grounds for the said motion being that the alleged contract on which the action was founded is unenforcible under the provision of the Statute of Frauds.
Nowhere in the complaint does it state that the agreement to discount the mortgage was in writing. As a matter of fact, the record seems to indicate that the agreement, if any, was an oral agreement. The defendant in his affidavit denies the making of any such agreement.
Plaintiffs rely very largely upon the case of Garfunkel v. Malcolmson (217 App. Div. 632). The plaintiffs contend that the defendant has not raised the question of the Statute of Limitations (Frauds) as an affirmative defense. Actually, there has been no answer served.
This court believes that it is its duty to sift the facts to any legal conclusion arrived at by the court and to determine upon this motion whether or not the complaint is sufficient as a matter of law. Rule 107 of the Rules of Civil Practice seems to govern and the purpose of the rule is clearly stated in Herzog v. Brown (217 App. Div. 402, affd. 243 N. Y. 599).
It is quite noteworthy that the plaintiffs have not disputed the defendant’s claim that there was no written agreement to change the terms of the mortgage. In Herzog v. Brown (supra, p. 405) the court stated, “Were there no dispute in respect to the existing facts, their legal effect as to whether it brought the matter within the Statute of Frauds would be a question of law to be determined solely by the court.”
The sole question in the case is whether or not the alleged discount agreement is enforcible. This court holds as a matter of law that it is not enforcible. There are not sufficient facts before the court for the court to find that a question of fact exists.
A most recent case involving the Statute of Frauds is Solin Lee Chu v. Ling Sun Chu (9 A D 2d 888, 889). Here the court stated: “ To permit the unsigned document prepared by the plaintiff to serve as a portion of the requisite memorandum would open the door to evils the Statute of Frauds was designed to avoid. ” “ The letter written by the defendant is insufficient to take the agreement out of the statute as it does not contain all the essential terms of the agreement as pleaded and upon which the plaintiff relies. (Crabtree v. Elizabeth Arden Sales Corp., 305 N. Y. 48.) Nor may the plaintiff rely upon the unexecuted document to supply the missing terms.”
*409 This court is constrained to decide that the bond and mortgage could not be modified by an oral agreement, unless the requirements in the Crabtree v. Arden case are fully met. (See Greenwich Sav. Bank v. Cabin Holding Corf., 176 Misc. 189. Also, Rehill v. Rehill, 306 N. Y. 127.)
However, there is one other question for this court to determine in order that there should be no further litigation. There is no dispute as to the fact that the defendant occupied the premises for some three months beyond the agreed date of- his removal. The defendant in his brief offered to pay plaintiffs the sum of $52.50 which it appears is by way of rent for the use and occupancy of the property by the defendant.
I, therefore, grant judgment to the plaintiffs in the sum of $52.50 but dismiss the complaint insofar as the alleged discount agreement is concerned. Submit order.