Robert F. **KENNEDY**, Attorney General of the United States, Petitioner-Appellee,

v.

UNION & NEW HAVEN TRUST COMPANY, Administrator of the Estate of Helene Schuff Noll, Respondent-Appellant.

No. 52, Docket 27012.

United States Court of Appeals Second Circuit.

Argued Nov. 2, 1961.

Decided Dec. 11, 1961.

Jeremiah D. Shea, New Haven, Conn., for respondent-appellant.

Lillian C. Scott, Atty., Dept. of Justice, Washington, D. C. (Paul V. Myron, Acting Director, Office of Alien Property, Dept. of Justice, Washington, D. C., Harry W. Hultgren, Jr., U. S. Atty., Henry C. Stone, Asst. U. S. Atty., D. Conn., Hartford, Conn., and Arthur R. Schor, Atty., Dept. of Justice, Washington, D. C., on the brief), for petitioner-appellee.

Before CLARK, HINCKS and FRIENDLY, Circuit Judges.

HINCKS, Circuit Judge.

Anna Hartmann, a Connecticut resident, bequeathed to relatives in Germany remainders which had vested in 1948. On January 28, 1952, and before final distribution of the Hartmann estate, the Attorney General, acting under § 7(c) of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., issued an order vesting these bequests in himself as Alien Property Custodian. He then applied to the Probate Court of Middle-

town, Connecticut, for distribution of the shares. The Probate Court refused the requested order.

On appeal, the Supreme Court of Errors held that the Probate Court, by its jurisdiction, could make distribution only to takers under the will. Accordingly, the Probate Court was directed to "make a proper order of distribution." And "[w]hen the order of distribution [was] made, the Probate Court [was to] direct the administrator * * * to comply with the vesting order by turning over to [the Attorney General] the property distributable to the German nationals. By this action the Probate Court [would] not be determining a disputed question of title but [would] merely be requiring the fiduciary to perform the duty devolving upon it by virtue of the Trading with the Enemy Act and the seizure made thereunder." Brownell v. Union & New Haven Trust Co., 143 Conn. 662, 124 A.2d 901, 907.

During the litigation, however, one of the foreign legatees, Helene Noll, died, and the respondent Trust Company became the administrator of her estate. The Probate Court, misinterpreting the mandate of the Supreme Court of Errors, ordered distribution of Noll's share of the Hartmann estate to the Trust Company, as Noll's administrator, without directions to pay over the proceeds to the Attorney General. Also acting on the mistaken belief that settlement of the Noll estate was a prerequisite to payment to the Attorney General, the Superior Court of Middlesex County, on appeal, affirmed. Instead of again appealing to the Supreme Court of Errors, the Attorney General sought a declaratory judgment, in the Court of Common Pleas, that title to Noll's share was in him. That court refused the declaratory judgment, on the grounds that "a sufficient practical need for the determina-

tion of [this] matter * * * does not exist."

The Attorney General then petitioned the United States District Court for an order to show cause why Noll's share should not be paid immediately to him. The district court found that title was in the Attorney General, by virtue of the vesting order, and that the Trust Company should pay over. From that order the administrator has taken this appeal.

██ Appellant insists that the decisions of the Connecticut courts are *res judicata*, and that the Attorney General, by failing to appeal from the Superior Court, has estopped himself from seeking relief anew in another court.

██ These contentions are invalid. As the Supreme Court of Errors made clear, the litigation in the Connecticut courts was procedural. It concerned only the mechanics of delivering to the Attorney General property which vested in him in 1952, when his order was issued. Title—the subject-matter of the federal action—was never in issue in the state courts. Indeed, it could not have been, for the suits authorized by § 9(a) of the Act are the only means for raising that issue and the federal courts have exclusive jurisdiction of such suits. National Savings & Trust Co. v. Brownell, 95 U.S. App.D.C. 370, 222 F.2d 395, cert. denied 349 U.S. 955, 75 S.Ct. 885, 99 L.Ed. 1279; McGrath v. Zander, 85 U.S.App.D.C. 334, 177 F.2d 649. And, the subject-matter of the state and federal actions being different, as pointed out above, no bar or estoppel can in any event be claimed against the Attorney General in the situation here. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Miller v. National City Bank, 2 Cir., 166 F.2d 723; Restatement, Judgments, § 62.

Affirmed.