**BERNSTEIN v. N. V. NEDERLANDSCHE-AMERIKAANSCHE STOOMVAART-MAATSCHAPPIJ (CHEMICAL BANK & TRUST CO., Third-Party Defendant).**

District Court, S. D. New York.
Aug. 12, 1948.

Bennet, House & Couts, of New York City (William S. Bennet, Victor House, Bernard A. Finkel, and S. D. Altmark, all of New York City, of counsel), for plaintiff.

Burlington, Veeder, Clark & Hupper, of New York City (John L. Galey, of New York City, of counsel), for defendant and third-party plaintiff.

Shearman & Sterling & Wright, of New York City (C. Bedford Johnson, Jr., MacIlburne Voorhies, and William F. Hamilton, all of New York City, of counsel), for third-party defendant.

RYAN, District Judge.

Plaintiff moves for "rehearing of the motions" decided March 5, 1948, 76 F.Supp. 335. It was then determined that plaintiff be permitted to further amend his second amended complaint, and the complaint as thus amended was dismissed on the ground that the claims therein asserted were barred by the three-year Statute of Limitations of New York, pertaining to claims for injury to property (N.Y.Civil Practice Act, § 49, subdiv. 7). Plaintiff was also denied permission to intervene herein as party plaintiff in his capacity as temporary receiver of the New York assets of the Red Star Line, appointed by the New York Supreme Court pursuant to Section 977c-b b of the C.P.A. It was directed that one order be settled giving effect to the above determinations. Before this had been accomplished by defendants, plaintiff by order to show cause returnable April 23, 1948, brought on this application.

This is not a motion for a rehearing of the previous decision. Rather, it is a rehearing of the entire matter based upon subsequent facts which came into existence more than a month after the matter was decided.

Plaintiff now requests leave to serve a new amended complaint and he again asks permission to intervene in his capacity as temporary receiver. He also urges that by recent amendments to the Civil Practice Act the claims pleaded are no longer barred by statute.

The Legislature of the State of New York, on March 12, 1948, passed a law amending Section 13, C.P.A.; it was approved by the Governor on April 6, 1948, and by the wording of the bill it was provided that the Act "shall take effect immediately and shall apply to actions here-

tofore or hereafter commenced," (c. 834 of the Laws of New York of 1948).

This Act reads as follows:

"An Act to amend the civil practice act, in relation to limitation of time where certain causes of action arise outside of the state.

"The People of the State of New York, represented in Senate and Assembly, do enact as follows:

"Section 1. Section thirteen of the civil practice act as amended by chapter five hundred sixteen of the laws of nineteen hundred forty-three, is hereby amended to read as follows:

"§ 13. Limitation where cause of action arises outside of the state. Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon such cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply; *and except that where the cause of action arose in a foreign country with which the United States or any of its allies was then or subsequently at war, or in territory then or subsequently occupied by the government of such foreign country, the period during which such foreign country was at war with the United States or any of its allies, or during which such territory was so occupied, is not a part of the time limited in this article for commencing the action; provided, however, that nothing herein or in this article shall apply to or be deemed in any manner to affect any action under section six hundred twenty-five of the banking law against a banking organization or against the superintendent of banks."* (Note: Matter italicized is new.)

The claims pleaded by plaintiff are based upon an alleged conversion of personal property alleged to have occurred on June 2, 1939. This action was commenced on June 1, 1945. Plaintiff contends that the period excluded by the recent amendment to Section 13 from the time limited in Section 49(7) for the commencement of the action is the period from September 3, 1939 (the date on which Great Britain and France declared war on Germany) to at least May 8, 1945 (V. E. day); he calculates that the time between June 2, 1939, and September 3, 1939, plus the time between May 8, 1945, and June 1, 1945, is the period during which the statute was not tolled, that this period is less than three years and that accordingly the claims pleaded are not barred.

Plaintiff, by his affidavit sworn to on July 16, 1948, alleges that he has been a resident since October 31, 1933; from his pleadings we gather that this residence has been in the State of New York. He further alleges that the defendant at all times was and still is conducting business and maintaining an office within this district, and that third-party defendant is a New York corporation with its principal place of business in this district.

Plaintiff might have instituted this action at anytime after June 2, 1939, and certainly since September 1, 1939, when he returned to this country from Germany. He waited, however, until June 1, 1945 and argues that he is now granted that right of delay by Chapter 834, supra, claiming the privileges created by this retroactive legislation passed almost nine years after his claims accrued.

The amendment has the effect of extending the period of the statute in favor of plaintiffs whose claim accrued in enemy or enemy-occupied territory, during the period of war or enemy occupation. The period fixed is indefinite and indeterminable extending as it does for "the period during which such foreign country was at war with the United States or any of its allies," a period—insofar as Germany, Japan and other countries are concerned—which has not ended and will not end until ratification of a peace treaty. First Nat. Bank of Pittsburgh v. Anglo-Oesterreichische Bank, 3 Cir., 37 F.2d 564.

█ In construing this statute we are bound by Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, to follow any New York authority

on the subject. King v. Commercial Travelers, 68 S.Ct. 488. We have been referred to no decision of any court of the State of New York construing or applying this recent amendment to Section 13, nor have we found any authoritative or official statement which would shed light upon its purpose or intended scope. This impels us to exercise our independent judgment in construing this statute, as now amended, (Pierce v. Society of Sisters, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468), and as we believe the New York Courts would construe it.

Considering the genesis of the section, we find that Section 390-a of the Code of Civil Procedure, which was the forerunner of and was reenacted as Section 13 of the Civil Practice Act, applied to causes of action arising outside of the state, and conferred on nonresidents for the first time the right to plead a defense based on the statute of limitations. Prior to this, a non-resident defendant could plead neither the New York statute of limitations nor that of the jurisdiction where the cause accrued. Ruggles v. Keeler, 3 Johns., N.Y., 263, 3 Am.Dec. 482; Olcott v. Tioga R. R. Co., 20 N.Y. 210, 75 Am.Dec. 393; Kirsch v. Lubin, 131 Misc. 700, 228 N.Y.S. 94, affirmed 223 App.Div. 826, 228 N.Y.S. 825, affirmed 248 N.Y. 645, 162 N. E. 559. By Section 390-a, now Section 13, C.P.A., a non-resident defendant was given the privilege of invoking either the statute of the place where the cause of action arose of the New York statute—whichever was the shorter. A specific exception was made for foreign accrued causes of action of resident plaintiffs, and as to these the New York statute was made solely applicable. Cf. Ruggles v. Keeler, supra.

Judge Cardozo spoke of this section as follows:

"It [Section 13] incorporates into our law the period of limitation of the state where the cause of action arose, but only when the cause of action did not originally accrue in favor of a resident of this state." Jacobus v. Colgate, 217 N.Y. 235, 245, 111 N.E. 837, 840, Ann.Cas.1917E, 369.

To the same effect are the views of Mr. Justice Shientag, well expressed in Anglo California Nat. Bank of San Francisco v. Klein, 162 Misc. 898, 296 N.Y. 191, 201.

Carmody writes of Section 13:

"The purpose of this provision is to prevent a non-resident claimant from coming into this State and prosecuting a claim, whether against a resident or a non-resident, under the New York Statute of Limitations, where the claim would be outlawed under the statute prevailing in the state where the cause of action arose. [n. C.P.A. § 13, formerly Code § 390-a, added by L.1902]. The effect is not to substitute the foreign statute of limitations for our own, but to impose it as an additional limitation. Thus, an action arising in a foreign state in favor of a non-resident, must be brought within the time limited by the New York statute of limitations; [n. Stern v. Auerbach, 203 App.Div. 681, 197 N.Y.S. 295]; and it cannot be brought after the time limited by the laws of the state in which the cause of action arose. The only effect of the statutory provision, if it is applicable at all, is to shorten the period of limitation.

"A resident plaintiff is made an exception in this statute, and is thus favored in not being subject to a shortening of the period of limitation where the cause of action arose without the State." Carmody's New York Practice, Sec. 488, p. 777.

There are other expressions by New York courts to the effect that this section was not to affect foreign originating claims of resident plaintiffs, except as the statute specifically set forth. Cf. National Surety Co. v. Ruffin, 242 N.Y. 413, 417, 152 N.E. 246.

We have a section with a background of characterization indicating that it was not controlling of claims of resident plaintiffs, except as specifically so applicable.

█ The language of the section as it now stands does not alter this characterization. Remaining is the explicit exception, that "where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply." The amendment has added a second exception clause which does not explicitly modify the prior clause. It is

preceded by the conjunction "and," and is a subdivision of the classification left unconsidered by the first exception clause, i. e. as to non-resident plaintiffs. This impresses the court as the sensible construction of this clause and one which is indicated by its language. Had the legislature intended to modify the first exception clause by the second it would have so indicated. Certainly, it would have never connected the two clauses with the augmenting rather than the modifying word "and." No amendment was made to the sections generally applicable to resident plaintiffs, indicating further that no changes were intended there. From the initial purpose of the section, its prior construction and its present language, it would appear that the second clause does not apply to claims of resident plaintiffs. Without a clear indication that by the provisions of the amendment it was intended that the provisions of Section 13 were to inure to the benefit of resident as well as to that of non-resident plaintiffs, a federal court is not warranted in disregarding the prior decisions of the New York courts construing and applying their own procedural statute.

Objection is also raised to the constitutionality of this retroactive amendment to Section 13, as being violative of provisions of both the State and Federal Constitutions. Consideration of these objections is made unnecessary in view of the conclusion we have reached that Section 13 applies to non-resident plaintiffs only. We have, therefore, refrained from discussing this question. Cf., Standard Oil of California v. Johnson, 1942, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611; see also, 48 Col.L.Rev note, 575.

 The application for leave to serve a further amended complaint is also denied. Plaintiff has heretofore been granted permission to serve two amended complaints. The action has been pending over three years. While leave to amend should be freely given, the time must arrive at some stage of every litigation when plaintiff must be required to stand upon the allegations he is asserting., that time has arrived.

Nor may the Receiver be permitted to intervene for the reasons we have already

set forth on March 5, 1948. See also, Clark v. Propper, 2 Cir., 169 F.2d 324, affirming sub nom. Markham v. Taylor, D.C., 70 F.Supp. 202.

Motion in all respects denied.