**HALL**

v.

**UNITED TECHNOLOGIES, CORP.**

**Civ. No. 3:93cv1948(AHN).**

United States District Court, D. Connecticut.

Jan. 12, 1995.

---

Robert J. Williams, Fisher & Daley, Suffield, CT, for plaintiffs.

Edward J. Dempsey, Hartford, CT, for defendant.

---

## RULING ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' REQUEST FOR LEAVE TO AMEND

NEVAS, District Judge.

The plaintiffs, thirteen former employees of the defendant, the Hamilton Standard Division of United Technologies Corp. ("United Technologies"), bring this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C.A. § 1001–1461 (West 1985 & Supp.1994) ("ERISA"). In their Second Amended Complaint, the plaintiffs allege that United Technologies either intentionally or negligently misled them in 1991 when they agreed to voluntarily terminate their employment with the company. Consequently, according to the plaintiffs, United Technologies violated its fiduciary duty under ERISA § 404, 29 U.S.C.A. § 1104.

Currently before the court is United Technologies's motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. The plaintiffs request that, if the court grants the motion to dismiss, they be permitted to amend the Second Amended Complaint to cure the pleading deficiencies raised in United Technologies's motion to dismiss.[1]

For the reasons that follow, the defendant's motion to dismiss the Second Amended Complaint [doc. # 25] is GRANTED, the plaintiffs' request for leave to amend the Second Amended Complaint [doc. # 28] is DENIED, and the Second Amended Complaint [doc. # 24] is DISMISSED WITH PREJUDICE.

## STANDARD OF REVIEW

■ In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). A court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Allen v. Westpoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. at 1684).

## FACTS

For the purposes of this ruling, the court accepts the following factual allegations as true.

In 1991, United Technologies employed the plaintiffs at its Hamilton Standards Division in Windsor Locks, Connecticut. (*See* Second Am. Compl. at Count One, ¶ 5.) During January, February, and March of 1991, United Technologies held informational sessions concerning its offer of a voluntary separation program. (*See id.* ¶ 6.) The plaintiffs either attended these sessions or had individual conversations with United Technologies's representatives about the voluntary separation program. (*See id.* ¶ 6, 8, 9.) During the informational sessions and individual conversations, the United Technologies's representatives informed the plaintiffs that the 1991 voluntary separation program "would be the only one offered, that [it] would be the best [p]rogram ever offered, and that no [addi-

---

1. The plaintiffs requested leave to amend the Second Amended Complaint in their memoran-dum of law, (*see* Pls.' Mem.Law. at IV), and at oral argument.

tional] voluntary separation program increasing pension benefits would be offered." (*Id.* ¶ 7, 8, 9.) United Technologies's representatives made similar representations to three of the plaintiffs individually between January 1991 and March 1991 (*See id.* ¶ 8, 9.)

Relying on such statements, the plaintiffs each executed a voluntary separation agreement in 1991. (*See id.* ¶ 10.) These voluntary separation agreements either were employee benefit plans subject to ERISA, (*see id.* ¶ 11), or amended an existing employee benefit plan. (*See id.* at Count Two, ¶ 13.) The plaintiffs either were participants in these plans or beneficiaries of the plans. (*See id.* at Count One, ¶ 13; Count Two, ¶ 14.) Since the plaintiffs executed their agreements, United Technologies has offered additional voluntary separation programs to its employees. (*See id.* at Count One, ¶ 11; Count Two, ¶ 16.) These post–1991 programs provided greater benefits than the plaintiffs received under their 1991 agreements. (*See id.* at Count One, ¶ 14; Count Two, ¶ 16.) At the time United Technologies offered the 1991 voluntary separation programs to the plaintiffs, the company "was contemplating, and seriously considering," offering other voluntary separation programs. (*Id.* at Count One, ¶ 15; Count Two, ¶ 17.) United Technologies, a fiduciary subject to ERISA, (*see id.* at Count One, ¶ 12; Count Two, ¶ 15), either intentionally or negligently misled the plaintiffs in 1991 when they agreed to voluntarily terminate their employment with the company. (*See id.* at Count One, ¶ 15; Count Two, ¶ 17.)

## DISCUSSION

The Second Amended Complaint alleges that United Technologies "violated [its] fiduciary duty [under ERISA], 29 U.S.C. Section

1104[,]" (*id.* Count One, ¶ 19; Count Two, ¶ 20), by making negligent or intentional misrepresentations concerning whether it would offer additional voluntary separation programs after 1991, the year in which each plaintiff voluntarily retired from the company after executing a separation agreement.[2] The plaintiffs seek "[d]amages, [a]ttorneys' fees and costs, [p]unitive damages, [and] [s]uch other relief as the Court deems appropriate." (*Id.*)

The Second Amended Complaint does not clearly specify the statutory basis on which the plaintiffs bring suit. Moreover, as a whole, its allegations are vague and confusing.[3] Accordingly, the court will examine the remedies available under ERISA for breach of fiduciary duty to determine whether, given the allegations of the Second Amended Complaint, any basis upon which the plaintiffs could recover exists. *See Lee v. Burkhart,* 991 F.2d 1004, 1008 (2d Cir.1993).

The plaintiffs identify ERISA § 404, 29 U.S.C.A. § 1104, as the basis for United Technologies's liability. (*See* Second Am. Compl. at Count One, ¶ 19; Count Two, ¶ 20.) Section 404, however, does not impose liability on a fiduciary for a breach of its duties; it merely provides the general rule that a fiduciary is to discharge its duties with the care and diligence of "a prudent [person] acting in a like capacity ... with like aims...." 29 U.S.C.A. § 1104(a)(1)(B). Section 409, 29 U.S.C.A. § 1109(a), on the other hand, imposes liability on "any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter...." 29 U.S.C.A. § 1109(a). Where a person asserts a claim based on a breach of fiduciary duty, as the plaintiffs do here,[4] the person may bring a

2. At oral argument, the plaintiffs conceded that ERISA preempted the common law fraud claim purportedly alleged in Count III of the Second Amended Complaint and therefore withdrew the claim.

3. Count I of the Second Amended Complaint appears to contain allegations essentially similar to those in Count II. The plaintiffs explained at oral argument, however, that Count I alleges that the 1991 voluntary separation program itself constituted an employee benefit plan subject to

ERISA and, in contrast, that Count II alleges that the voluntary separation agreements amended an existing employee benefit plan. This distinction was not at all clear in the Second Amended Complaint. It also is irrelevant for the purposes of this ruling.

4. In paragraph 19 of Count One and paragraph 20 of Count Two of the Second Amended Complaint, the plaintiffs allege that United Technologies "violate[d] [its] fiduciary duty set forth in

civil action under ERISA § 502, 29 U.S.C.A. § 1132.

In relevant part, section 502(a) provides that

> A civil action may be bought—
>
> (1) by a participant or beneficiary ...
>
>   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title (setting forth liability for breach of fiduciary duty);
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or terms of the plan.

29 U.S.C.A. § 1132.

■ The plaintiffs do not identify the specific section on which they rely. Claims for breach of fiduciary duty, however, must be brought under ERISA §§ 502(a)(2) or 502(a)(3), 29 U.S.C.A. §§ 1132(a)(2), (a)(3), and not § 502(a)(1)(B), 29 U.S.C.A. § 1132(a)(1)(B), which provides for the recovery of plan benefits.[5] *See Anweiler v. American Elec. Power Serv. Corp.,* 3 F.3d 986, 992 (7th Cir.1993); *McMahon v. McDowell,* 794 F.2d 100, 109 (3d Cir.), *cert. denied,* 479 U.S.

971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1986); *see also Mullins v. Pfizer, Inc.,* 23 F.3d 663, 667 (2d Cir.1994).

### *Section 502(a)(2)*

■ Section 502(a)(2) permits a plan participant or beneficiary to sue a "fiduciary with respect to a plan" for breach of fiduciary duty in violation of section 409. The Supreme Court, however, has made clear that the fiduciary duties imposed by section 409 run to the plan and not to the individual beneficiary. *See Massachusetts Life Ins. Co. v. Russell,* 473 U.S. 134, 140–144, 105 S.Ct. 3085, 3089–3091, 87 L.Ed.2d 96 (1985); *Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993). Although an individual may bring a claim for breach of fiduciary duty under section 502(a)(2), the "action[ ] ... must be brought in a representative capacity on behalf of the plan as a whole." *Russell,* 473 U.S. at 142 n. 9, 105 S.Ct. at 3090 n. 9.

■ Here, plaintiffs seek relief on their own behalf, not on the behalf of an employee benefit plan. In addition to being barred from recovery under section 502(a)(2) because they are seeking individual relief, the type of relief that the plaintiffs seek—compensatory and punitive damages—also is not available under that section. *See Russell,* 473 U.S. at 144, 105 S.Ct. at 3091 ("[W]e do not find in § 409 express authority for an award of extracontractual damages to a beneficiary."). *Russell* therefore bars plaintiffs from suing under section 502(a)(2). *Accord*

---

[ERISA], 29 U.S.C. Section 1001 et seq., specifically 29 U.S.C. Section 1104."

5. Under § 502(a)(1)(B), a participant in an employee benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan," or for clarification of rights to future benefits. 29 U.S.C.A. § 1132(a)(1)(B). At oral argument, counsel for the plaintiffs suggested that the court should view the plaintiffs' claim as one for benefits under § 502(a)(1)(B). The Second Amended Complaint, however, does not clearly allege such a cause of action and cannot be fairly read to imply it. Moreover, as pled, neither count attempts to enforce the "terms of the plan." *See* 29 U.S.C.A. § 1132(a)(1)(B). Rather, both counts allege that United Technologies violated its fiduciary duty to the plaintiffs, not the terms of an employee benefit plan.

"An action to recover from a breach of fiduciary duty ... is distinct from an action to recover plan benefits under section 1132(a)(1)(B) of the Act." *Anweiler v. American Elec. Power Serv. Corp.,* 3 F.3d 986, 992 (7th Cir.1993) (declining to permit plaintiff "to attempt to restyle action as personal claim for benefits when she has continually alleged a breach of fiduciary duty"). *See also* Jay Conison, *Suits for Benefits Under ERISA,* 54 U.Pitt.L.Rev. 1, 13 (1992) (noting that section 502(a)(1)(b) actions for benefits enforce a *non-fiduciary* duty to participants and beneficiaries). Therefore, the court rejects the plaintiffs' attempt to restyle their action and views Counts One and Two as arising under either § 502(a)(2) or § 502(a)(3), but not under § 502(a)(1)(B). *See Iwans v. Aetna Life Ins. Corp.,* 855 F.Supp. 579, 583 n. 5 (D.Conn.1994).

*Burkhart,* 991 F.2d at 1009. Consequently, the plaintiffs fail to state a claim for relief under section 502(a)(2).

### Section 502(a)(3)

■ Section 502(a)(3) permits a plan beneficiary or participant to sue to obtain "appropriate equitable relief" to remedy a violation of ERISA.[6] *See* 29 U.S.C.A. § 1132(a)(3); *see also Burkhart,* 991 F.2d at 1011. The Second Amended Complaint, however, does not seek equitable relief; it asks for damages. Consequently, United Technologies argues, correctly so, that it should be dismissed because no private right of action exists under ERISA permitting the recovery of damages against fiduciaries.

Recognizing that compensatory and punitive damages are unavailable to them, the plaintiffs attempt to recast their claim as one for equitable relief to avoid dismissal. In their brief, (*see* Pls.' Mem. Law at III.A.), as well as at oral argument, the plaintiffs direct the court to the Second Amended Complaint's prayer for relief, which requests "[s]uch other relief as the Court deems appropriate[,]" and assert that such language encompasses equitable relief. (*See id.*) According to the plaintiffs, it thus is sufficient to save the Second Amended Complaint from dismissal. The court disagrees.

■ In *Mertens v. Hewitt Assocs.,* —— U.S. ——, —— – ——, 113 S.Ct. 2063, 2068–72, 124 L.Ed.2d 161 (1993), the Supreme Court held that the phrase "appropriate equitable relief" in section 502(a)(3) did not encompass compensatory and punitive damages. The Court noted that the relief available under the section are those "remed[ies] traditionally viewed as 'equitable,' such as an injunction or restitution." *Id.* at ——, 113 S.Ct. at 2068. Thus, to state a claim under section 502(a)(3), one must seek a remedy that falls within the traditional forms of equitable relief, such as an injunction, restitution, or specific performance, not money damages. *See Buckley Dement, Inc. v. Travelers Plan Adm'rs,* 39 F.3d 784, 788 (7th Cir.1994) (holding that ad damnum clause requesting an order of disgorgement of "benefits and moneys received by the Defendant" insufficient to state claim for equitable relief under section 502(a)(3) and affirming district court grant of summary judgment).

Rule 8(a)(3) provides that a pleading asserting a claim for relief shall contain a demand for judgment for the relief to which the pleader believes himself entitled. *See* Rule 8(a)(3), Fed.R.Civ.P. Here, the prayer for relief simply seeks compensatory and punitive damages. The plaintiffs argue, however, that the phrase "such other relief as the Court deems appropriate[ ]" encompasses equitable relief.

■ Generally, "[t]he selection of an improper remedy in the demand will not be fatal to a party's pleading if the statement of the claim indicates that the pleader may be entitled to relief of some other type." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1255, at 368 (1990); *see Doss v. South Cent. Bell Tel. Co.,* 834 F.2d 421, 425 (5th Cir.1987) (holding that "even though [plaintiff] demanded a legal remedy which was improper under the ADEA, the complaint stated a claim sufficient to withstand a motion to dismiss."); *Babcock v. Frank,* 729 F.Supp. 279, 286 (S.D.N.Y.1990) (denying dismissal of Title VII claim even though compensatory and punitive damages sought by plaintiff unavailable). Neither the text of the Second Amended Complaint nor oral argument, however, provides a basis for determining the nature and type of equitable relief that the

---

**6.** While courts have differed about whether § 502(a)(2)'s limitation on recovery applies to § 502(a)(3), *compare Anweiler,* 3 F.3d at 993 ("Equitable relief running to an individual falls within the scope of both 1132(a)(3)'s language and ERISA's broad remedial purpose.") *with Armstrong v. Jefferson Smurfit Corp.,* 30 F.3d 11, 13 (1st Cir.1994) ("It is not at all clear that this provision empowers plan participants or beneficiaries to sue fiduciaries directly for breach of fiduciary duty rather than on behalf of the plan.") (citation omitted), this court previously has held that § 502(a)(3) permits individual equitable relief. *See Iwans,* 855 F.Supp. at 584. Although United Technologies invites the court to

plaintiffs seek.[7] Indeed, the entire focus of the Second Amended Complaint appears to be the recovery of monetary damages; *i.e.,* damages equal to the difference between the benefits contained in the 1991 voluntary separation programs and the increased pension benefits that United Technologies provided to its employees in voluntary separation programs offered after 1991. (*See* Second Am. Compl. at Count One, ¶ 14, 17; Count Two, ¶ 16, 19.). Consequently, when the " 'substance of the remedy sought ... rather than the label placed on that remedy' " is examined, *see Buckley Dement,* 39 F.3d at 788 (quoting *Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1528 n. 5 (9th Cir.1993), the court finds that the relief the plaintiffs seek in their statement of claim is monetary damages. Because section 502(a)(3) precludes the recovery of compensatory and punitive damages, the plaintiffs fail to state a claim upon which relief may be granted.

In short, Counts One and Two of the Second Amended Complaint fail to state a claim upon which the court may grant relief.

■ The next issue is whether the court should grant plaintiffs leave to amend the Second Amended Complaint.

Rule 15(a) requires that a court's permission to amend a pleading "shall be freely given when justice so requires." *See* Rule 15(a), Fed.R.Civ.P. In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court explained that

> if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment etc.—the leave should, as the rules require, be 'freely given.'

*Foman,* 371 U.S. at 182, 83 S.Ct. at 230.

■ The decision whether to grant leave to amend is within the court's sound discretion, however. *See id.*

In weighing whether the court should grant leave to amend, it is essential to review briefly the proceedings to date.

The plaintiffs filed this action on September 27, 1993. In the original complaint, the plaintiffs alleged two counts. The first alleged that United Technologies breached its fiduciary duty; the second count reincorporated each allegation of the first count and purportedly alleged a state law claim "pursuant to Rule 18 of the Federal Rules of Civil Procedure."[8] (*See* Compl. at Count Two, ¶ 4 [doc. # 1].) Count Two did not identify the state law claim, however. Additionally, the plaintiffs' prayer for relief sought compensatory and punitive damages, attorneys' fees, and "such other relief as the Court deems appropriate."

On October 18, 1993, United Technologies filed a motion to dismiss the original complaint. In its motion, United Technologies identified several defects in the complaint, including (1) that it failed to allege that the voluntary separation agreements that the plaintiffs executed in 1991 constituted employee benefit plans subject to ERISA, (2) that it failed to allege that United Technologies was a fiduciary subject to ERISA, (3) that it failed to allege that the plaintiffs were participants or beneficiaries of an ERISA plan, (4) that it failed to allege United Technologies's purported misrepresentations with sufficient particularity pursuant to Rule 9(b), Fed.R.Civ.P., and (5) that it failed to state a claim under ERISA for a breach of fiduciary

reconsider its holding in *Iwans,* the court declines to do so at this time.

**7.** At oral argument, counsel simply stated that the plaintiffs desired to be "incorporated into the later plans."

**8.** The plaintiffs apparently sought to bring a state law claim pursuant to the court's supplemental

jurisdiction under 28 U.S.C.A. § 1367 (West 1993).

Rule 18(a) permits "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 18(a), Fed.R.Civ.P.

duty because the plaintiffs sought compensatory and punitive damages. (*See* Mot. Dismiss [doc. 4].)

On December 21, 1993, in response to the motion to dismiss, the plaintiffs filed an amended complaint as a matter of right pursuant to Rule 15(a). (*See* Revised Compl. [doc. # 9].) The Revised Complaint largely duplicated the plaintiffs' original complaint, except in Count One the plaintiffs alleged that an employee benefit plan subject to ERISA existed and that they were participants in such a plan. (*See id.* at Count One, ¶¶ 13 & 14.) The Revised Complaint's Count Two remained the same as the second count in the original complaint and the plaintiffs sought the same relief.

On January 20, 1994, United Technologies filed a second motion to dismiss. (*See* Def.'s Mot. Dismiss Am. Compl. [doc. # 13].) In this motion, United Technologies alleged that the Revised Complaint possessed many of the same defects as the original complaint, namely that it failed to allege that the voluntary separation agreements were employee benefit plans subject to ERISA, that it failed to allege that United Technologies was a fiduciary subject to ERISA, that it failed to allege that United Technologies had a duty under ERISA to advise the plaintiffs of contemplated actions, and, most importantly, that it failed to state a claim under ERISA for breach of fiduciary duty because the plaintiffs sought compensatory and punitive damages. (*See id.* at 7–14.)

After receiving two extensions of time within which to file an opposition to United Technologies's motion to dismiss, the plaintiffs declined to file an opposition and, instead, moved to amend the Revised Complaint on April 14, 1994. (*See* Pls.' Req. Leave Am. Am. Compl. [doc. # 18].) On August 1, 1994, United States Magistrate Judge Donna F. Martinez granted the plaintiffs' motion to amend. (*See* Ruling Pls.' Req. Leave Am. Am. Compl. [doc. # 23].) Consequently, on August 2, 1994, the plaintiffs filed their Second Amended Complaint,

(*see* Second Am. Compl. [doc. # 24].), which, in fact, was the third version of their complaint. In the Second Amended Complaint, the plaintiffs responded to United Technologies's previous motion to dismiss by alleging that the 1991 voluntary separation agreements constituted employee benefit plans subject to ERISA, (*see id.* at Count One, ¶ 11), and that United Technologies was "seriously considering" additional voluntary separation agreements at the time the plaintiffs executed their 1991 agreements. (*See id.* at Count One, ¶ 15; Count Two, ¶ 17). In Count Two, the plaintiffs alleged that the 1991 separation agreements amended an existing employee benefit. (*See id.* at Count Two, ¶ 13.) As before, the plaintiffs asserted a state law claim (*See id.* at Count Three, ¶ 4). The relief sought remained unchanged.

On August 10, 1994, United Technologies filed its third motion to dismiss. (*See* Def.'s Mot. Dismiss Second Am. Compl. and/or Strike Counts Two and Three [doc. # 25].). This time, in their memorandum in opposition, the plaintiffs acknowledged that compensatory and punitive damages were unavailable to them and tried to recast their claim as one for equitable relief. (*See* Pls.' Mem. Law Opp. at III.A.)

While the court recognizes that Rule 15(a) is to be construed liberally, *see Foman,* 371 U.S. at 230, 83 S.Ct. at 315, the plaintiffs' request for leave to amend is DENIED.[9] As the court stated in *Bernstein v. N.V. Nederlandsche–Amerikaanshe Stoomvaart Maatschappij,* 79 F.Supp. 38, 42 (S.D.N.Y.1948), *modified on other grounds,* 173 F.2d 71 (2d Cir.1949), "[i]n light of the history of this case, we … have reached … 'the time [which] must arrive at some stage of every litigation when plaintiff must be required to stand upon the allegations he is asserting....'"

First, the court finds that the plaintiffs repeatedly have failed to cure the serious defects contained in their complaints. *See Smith v. Ayres,* 845 F.2d 1360, 1366 (5th Cir.1988) (affirming district court's denial of

---

9. United Technologies argues that the request to amend should be denied because any attempt to amend the Second Amended Complaint would be futile. While futility of amendment may be one

ground upon which a court may deny leave to amend, *see Foman,* 371 U.S. at 230, 83 S.Ct. at 315, the court does not rely on this ground.

leave to amend where "plaintiff ha[d] already filed an original complaint and two amended complaints ... [and] even in the latest proposed amendments he fail[ed] to remedy the most basic deficiencies in his earlier complaints."), *reh'g denied,* 981 F.2d 1254 (5th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 2342, 124 L.Ed.2d 252 (1993); *Fidelity Fin. Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1437–38 (9th Cir.1986) ("A district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend the complaint."), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); *Mir v. Fosburg,* 646 F.2d 342, 347 (9th Cir.1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims."); *Denny v. Barber,* 576 F.2d 465, 471 (2d Cir.1978) (affirming district court's denial of leave to amend where plaintiffs' counsel aware of deficiencies in complaint when he first amended it; declining to "require the busy district judge to engage in still a third go-around."); *McGovern v. American Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir.) (affirming district court's denial of leave to amend where plaintiff "has shown in a second plea to the trial court no inclination to cure the jurisdictional defect even though on notice of the defect...."), *reh'g denied,* 514 F.2d 1072 (5th Cir.1975); *Mooney v. Vitolo,* 435 F.2d 838, 839 (2d Cir.1970) (per curiam) (affirming district court's denial of leave to amend where plaintiffs had access to relevant information and "were twice given an opportunity to replead."); *Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945, 952–53 (S.D.N.Y.1983) (denying leave to amend where "plaintiff has had two opportunities subsequent to the initial filing to remedy any perceived deficiencies in the complaint."), *aff'd,* 730 F.2d 910 (2d Cir.1984) (per curiam). *Accord* 6 Wright & Miller, § 1487, at 643–645 ("If a court determines that the plaintiff has had sufficient opportunity to state a claim, but has failed to do so, leave to amend may be denied."). *See also Chitamacha Tribe v. Harry L. Laws Co.,* 690 F.2d 1157, 1164 (5th Cir.) (noting that plaintiffs failed to correct pleading deficiencies when give the opportunity to do so, but declining to rely on that ground in affirming district court denial of leave to amend where district court did not rely on that ground), *reh'g denied,* 697 F.2d 1092 (5th Cir.1983), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *John Birch Soc'y v. NBC,* 377 F.2d 194 (2d Cir. 1967) ("Where ... the district court has pointed out the defects in the complaint and has afforded a plaintiff a reasonable time to amended and the plaintiff, with the intention to delay, has not done so, the appellate court will not allow the plaintiff-appellant leave to amend.")

Second, the plaintiffs' failure to cure the deficiencies of their complaint—approximately sixteen months, three amended complaints, and three motions to dismiss later—evidences a dilatory motive; that is, conduct designed to avoid decision on United Technologies's motion to dismiss. The court notes that plaintiffs have been aware of the pleading defects in their complaints, particularly the question of the relief available under section 502(a)(3), since at least October 1993.[10] The plaintiffs have offered no explanation for their failure to cure these defects.

Third, United Technologies will be prejudiced if the court grants the plaintiffs leave to amend the Second Amended Complaint. *See Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.1993) (concluding that defendants would suffer prejudice if plaintiffs permitted to amend complaint for third time and affirming district court's denial of leave "where plaintiffs had been granted leave to amend twice before, despite the fact that the defendants had fully briefed their motion to dismiss."), *cert. denied,* — U.S. ——, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993). It has fully briefed its motion to dismiss three times; each time the plaintiffs have avoided a deci-

---

**10.** Although uncertainty exists regarding whether individual equitable relief is available under § 502(a)(3), *see supra* note 7, no uncertainty exists about whether compensatory and monetary damages are available under that section. *See Mertens,* — U.S. —— at ——–——, 113 S.Ct. at 2068–72; *Burkhart,* 991 F.2d at 1011.

sion on the motion to dismiss by amending their complaint.

In sum, the plaintiffs repeatedly have failed to cure the substantive defects contained in their complaint. The court finds that their failure evidences a dilatory motive and prejudices United Technologies. Accordingly, the plaintiffs request for leave to amend the Second Amended Complaint is DENIED.

## CONCLUSION

Based on the foregoing, the defendant's motion to dismiss [doc. # 25] is GRANTED. The plaintiffs' request to amend the Second Amended Complaint [doc. # 28] is DENIED. Accordingly, the Second Amended Complaint [doc. # 24] is DISMISSED WITH PREJUDICE. The Clerk shall enter judgment accordingly.

SO ORDERED.