Fred SAUER, Plaintiff,

v.

XEROX CORPORATION, Defendant.

No. 95–CV–6485L.

United States District Court,
W.D. New York.

May 7, 1997.

Steve Mayka, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, Gordon Locke, Gordon Locke Law Offices, New Rochelle, NY, for plaintiff.

John P. Coffey, Latham & Watkins, New York City, Glenda Sanders, Latham & Watkins, Costa Mesa, CA, for defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff Fred Sauer's ("Sauer") original complaint in this case was filed on September 5, 1995, in the Central District of California. The case was subsequently transferred to this Court.

On November 13, 1995, Sauer filed an amended complaint setting forth thirteen causes of action. By Decision and Order filed August 8, 1996, this Court dismissed ten of those claims.

A short time later, on September 11, 1996, Sauer moved this Court for leave to file a second amended complaint. The proposed second amended complaint reiterated the three surviving claims from the amended complaint and asserted six additional claims. By Decision and Order filed January 23, 1997, this Court granted Sauer's motion and allowed filing of the second amended complaint with respect to all causes of action except the ninth, which attempted to restate a claim for conversion previously determined by this Court to be insufficient as a matter of law.

On January 30, 1997, Sauer filed his second amended complaint. On February 18, 1997, Xerox filed its answer and counterclaim. On this same date, Sauer filed a motion for leave to file a third amended complaint. The proposed complaint contained the eight surviving causes of action from the second amended complaint plus an additional contract claim.

On March 7, 1997, Xerox filed its own motion for leave to file additional counterclaims against Sauer. On April 18, 1997, both parties responded to their opponents motions; however, Sauer also cross-moved for leave to file another complaint, styled a "revised third amended complaint," which proposes to add four additional causes of action.

For the reasons set forth below, Sauer's cross-motion for leave to file his "revised third amended complaint" is denied.

### DISCUSSION

The Federal Rules of Civil Procedure provide that leave to file an amended complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, leave to amend may be denied in the face of "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed,* undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (emphasis added); *see also United States v. Continental Illinois Nat. Bank And Trust Co.,* 889 F.2d 1248, 1254 (2d Cir.1989). There are ample grounds to deny Sauer's request and to end these pleading exercises.

In the instant case, Sauer has had numerous chances to adequately plead his claims. Xerox has vigorously opposed each and every proposed amendment and Sauer has been apprised, by written order of this Court, of the deficiencies in his pleadings. The proposed "revised" third amended complaint represents yet a *fifth* attempt to state his claims.[1] (His motion for leave to file a third amended complaint remains pending.)

After reviewing the proposed revised third amended complaint I have concluded

1. I note that Sauer was allowed to file his second amended complaint, despite the fact that the deadline for motions to amend the pleadings had already expired.

that "[i]n light of the history of this case, we ... have reached ... 'the time [which] must arrive at some stage of every litigation when plaintiff must be required to stand upon the allegations he is asserting....'" *Hall v. United Technologies, Corp.*, 872 F.Supp. 1094, 1101 (D.Conn.1995), quoting *Bernstein v. N.V. Nederlandsche–Amerikaansche Stoomvaart–Maatschappij*, 79 F.Supp. 38, 42 (S.D.N.Y.1948), *modified on other grounds*, 173 F.2d 71 (2d Cir.1949). Sauer has simply failed to take advantage of previous opportunities afforded him to correct the deficiencies contained in his complaint. His latest offering is no exception.[2] Sauer's failure to adequately plead his claims despite sufficient opportunity to do so is, by itself, a sufficient basis for denying leave to amend. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222; *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir.1978) (affirming district court's denial of leave to amend where plaintiffs had two prior opportunities to cure defects in complaint); *Accord* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1487 at 612–13 (2d ed.1990) (leave to amend may be denied where court determines that a party has failed to state a claim after repeated attempts to do so).

However, leave to amend must be denied for two additional reasons—the proposed new causes of action are either duplicative of existing claims or fail to state a claim altogether. *See Picotte v. Community Child Care Ctr.*, 901 F.Supp. 588, 596 (W.D.N.Y. 1995) (leave to amend may be denied when the amended pleading is considered futile );

*Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

■ The proposed tenth cause of action, entitled "Theft of Property," is, as already indicated, nothing more than an attempt to assert previously disallowed conversion claims.[3] Moreover, the cause of action appears to have been lifted in its entirety from a complaint in a state court matter apparently involving Xerox and an entity referred to as "ALI." The revised third amended complaint alleges that Xerox "stole" property belonging to ALl, not Sauer. Obviously, since ALl is not a party to the matter currently before me, the proposed amendment is not proper.

Sauer's "new" eleventh cause of action, regarding a piece of equipment referred to as the "Electric Scanner," appears to be in substance duplicative of his previously existing sixth cause of action.[4] In fact, Sauer seeks the same amount in damages for both causes of action—$545,017, the alleged value of the Scanner.

■ The proposed twelfth cause of action is at least in part duplicative of Sauer's previously existing sixth and eighth causes of action (regarding the Scanner and the "Coating Line," respectively). However, the thrust of Sauer's allegation appears to be that Xerox, in fraudulently representing that certain Leased Items were subject to Investment Tax Credit ("ITC"), caused Sauer to file a false tax return for 1985, in violation of the False Claims Act, 18 U.S.C. § 287—a criminal statute.

---

**2.** For example, Sauer attempts, for the third time, to add a cause of action for conversion (although this time, it is couched in terms of "Theft Of Property"), despite this Court's dismissal of this cause of action, with prejudice, for failure to state a claim. *See* Decision and Order of this Court filed 8/8/96. He contends that he is "mindful" that his proposed tenth cause of action is "strikingly similar" to a previously disallowed claim. He nevertheless argues that "the distinction is that [he] now alleges Xerox wrongfully 'sold' [his] property, for money—a criminal act." (Sauer's Memorandum Of Law In Support Of Plaintiff's Cross-motion To Serve And File A Revised Third Amended Complaint.) However, Sauer has failed to present any evidence that Xerox intended to convert his property, much less that it possessed the criminal intent to steal

it. The Court cautions that in attempting to resuscitate this cause of action, Sauer walks a fine line between advocacy and sanctionable conduct. *See* Fed R. Civ. P. 11(b) (allegations contained in pleadings must have reasonable basis).

**3.** The ninth cause of action set forth in the "revised" third amended complaint is virtually identical to the ninth cause of action contained in the proposed third amended complaint. Since Sauer's motion for leave to file the third amended complaint is currently pending, I will not comment on the sufficiency of the claim at this time.

**4.** The sixth cause of action refers to the equipment in question as simply "the Scanner."

As an initial matter, the Court does not understand how Xerox's alleged misconduct could impart criminal intent to Sauer's erroneous tax filing. Moreover, Sauer has no private right of action to enforce this criminal provision. Further, Sauer seeks recovery for himself, not the government, and thus has not established an essential element of a qui tam action.[5] *See* 31 U.S.C. § 3730.

Finally, the only year for which Sauer claims to have filed a false report with the Internal Revenue Service ("IRS") is 1985, over ten years ago. Because the limitations period has long since expired, the IRS cannot now seek to recover from Sauer any back taxes allegedly owed. *See* 26 U.S.C. § 6501(a) (action for unintentional errors in the filing of a tax return must be commenced within three years from the date the return is filed). Not surprisingly, "[t]he Internal Revenue Service has not indicated any interest in pursuing this matter on its own." (Revised Third Amended Complaint at ¶ 253.) I concur with its judgment.

■ Sauer's last proposed cause of action—his thirteenth—appears once again to be essentially a rehashing of Sauer's previously existing sixth cause of action. In this "new" cause of action, he contends that Xerox fraudulently represented that the Electric Scanner could "function on a stand alone basis." He does not explain the significance of Xerox's alleged misrepresentation nor does he indicate how he was damaged by it. He simply prays (yet again) for damages in an amount equal to the alleged value of the Scanner—$545,017.

In sum, Sauer has had ample opportunity to effectively plead his claims. He has failed to do so.[6]

Sauer's conduct can be viewed as a not so subtle attempt to ignore and evade the prior decision of this Court and to engage his opponent, Xerox, in repetitive and unnecessary pleading exercises. This Court will not countenance tactics designed to harass and abuse the orderly process of litigation.

### CONCLUSION

For the reasons set forth above, plaintiff Sauer's motion for leave to serve and file his revised third amended complaint is denied.

IT IS SO ORDERED.

---

5. The allegedly erroneous tax return was presumably filed in 1986. Thus, the statute of limitations on any qui tam action brought by a private person on behalf of the government has expired. *See* 31 U.S.C. § 3731 ("in no event" may action be brought more than ten years after alleged violation occurred). The same is true for any criminal prosecution pursuant to the False Claims Act. *See* 18 U.S.C. § 3282 (for non-capital offenses, except as otherwise specified, no person may be prosecuted for any criminal offense more than five years after the offense was allegedly committed).

6. Sauer contends that the "new" causes of action are based on facts learned during discovery. However, the duplicative nature of the claims belies this assertion.